**WAINSCOTT, Appellant v. YOUNG, Appellee.**

Ohio Appeals, First District, Hamilton County.

No. 6402. Decided May 29, 1944.

150

John W. Cowell, Cincinnati, for appellant.
Raymond J. Dorger, Cincinnati, for appellee.

## OPINION

By HILDEBRANT, J.

In a suit for partition of real estate, defendant denied plaintiff had any interest in the real estate described in the petition, alleging that thè same had been awarded to her former husband, through whom defendant obtained title, as alimony in a certain divorce action filed and concluded in the Hamilton County Common Pleas Court. Plaintiff, by leave, filed a reply and amended reply, alleging that although the plaintiff here, defendant in the divorce action, was a resident of Hamilton County, Ohio, at the time and all during the time of the divorce action, no summons was ever issued in said action, and no service by publication, as required by law was had and the court was without jurisdiction to make any orders affecting any of plaintiff's rights.

Defendant's motion for judgment on the pleadings and opening statement of counsel was granted by the trial court, apparently on the theory that the proceeding here amounted to a collateral attack on the divorce decrèe and that the court was without power to set aside the decree of another court

of concurrent jurisdiction the same Court in a former case. This appeal is one on questions of law.

A motion for judgment on the pleadings is in substance both a demurrer and a motion, and is aimed at the substance, not the form of the pleadings and raises a question of law. **31 O. Jur., p. 877.**

In order to grant such a motion, it must appear, considering all the averments of the pleadings, that simply a question of law is presented. If an issue of fact, or a direct issue joined on any single material proposition is made, requiring the introduction of testimony by the moving party to sustain such issue, the motion will be denied.

Affirmative facts set up by the reply deemed as a matter of law to be denied, present a situation whereby the motion cannot be granted. Such is the case here. **31 O. Jur., pp. 878-880.** The requirement of liberal construction in favor of a party against whom the motion is made, giving every reasonable inference in favor of the pleadings, is familiar to all.

Likewise, a motion to direct a verdict for defendant on the opening statement of counsel presents a question of law only. Such motion amounts to an admission by defendant of the truth of the whole statement and the trial court is required to liberally construe the statement in favor of plaintiff, to the end that every litigant shall have his day in Court. See: **39 O. Jur., p. 883, section 225, et seq.**

In **2 O. Jur. p. 1061, section 832,** it is stated:

"It is reversible error for the court to enter judgment for the defendant because of admissions made by plaintiff's attorney in opening the case to the jury, where such admissions do not include every fact necessary to defeat the plaintiff; or to direct a verdict for the defendant because of the insufficiency of the opening statement of plaintiff's counsel, if such statement is at least as broad as the petition and the petition states a good cause of action; or if, giving such statement a reasonable and liberal interpretation, it is sufficient to entitle the plaintiff to offer proof of his cause of action and no motion has been made to make either the statement or the petition more clear and definite."

Here, if the introduction of the record in the divorce proceedings would show on its face a lack of service of process, so that the court never acquired jurisdiction necessary to make any orders affecting plaintiff's rights, plaintiff's case would be established and on the motion, this being taken as true, it was error to direct a verdict for defendant.

In 31 Am. Jur., p. 200, section 604, it is stated:

"The rule permitting a collateral attack upon a judgment because of the absence of jurisdiction prevails where the want of jurisdiction appears upon the face of the record, or where the record affirmatively shows absence of conditions necessary to give the court jurisdiction to affect the rights of a party."

Again, in section 606, at p. 201:

"x x x x x However, the rule that a judgment may be subject to collateral attack because of its rendition against one who was never legally served with process of the court has been applied where the absence, or defect, of notice or of service of process appears upon the record."

It would be error for the trial court to take judicial notice of the former divorce proceedings, even in a branch of the same court and, therefore, the introduction of evidence is necessary on the issue as raised by the pleadings.

The judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, P. J. and MATTHEWS, J., concur.