Entered in Journal
March 7, 1958
A true copy:
W. E. Herron
W. E. Herron, Secretary

Everett H. Krueger, Jr., Chairman
Ralph A. Winter
Edward J. Kenealy
Commissioners

MELLMAN, PLAINTIFF-APPELLANT, *v.* GOLDEN ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Tenth District, Franklin County.

No. 6872. Decided January 30, 1962.

*Mr. Carl B. Mellman,* for himself.

*Mr. Troy A. Feibel* and *Mr. Sidney Golden,* for defendants-appellees.

BRYANT, J. This matter comes on for consideration upon the motion of Harold M. Golden and Ruth S. Golden, defendants-appellees, to dismiss the appeal of Carl B. Mellman, plaintiff-appellant, upon the ground that Mellman failed to file a bill of exceptions within the required length of time.

It appears that Mellman and the Goldens were lessor and lessees respectively of improved real estate located in Columbus, Ohio, that a disagreement arose as a result of which Mellman began the action now before this court by filing a petition in the Columbus Municipal Court to terminate the lease, to evict the Goldens, for damages, and for other relief.

The matter came on for hearing before a judge of the court below at the conclusion of which judgment was entered in favor of the defendants and against the plaintiff, the trial court rendering a written decision consisting of ten pages. The court below made its decision a part of the record stating in the journal entry on August 24, 1961, ''See decision attached to file.''

The trial court entered its judgment on August 24, 1961 and Mellman filed notice of appeal on questions of law on September 8, 1961, at the same time filing a praecipe for a transcript of docket and journal entries which was filed in this court on September 18, 1961. On October 3, 1961, Mellman filed a partial bill of exceptions containing only the exhibits in the case.

The brief and assignment of error on behalf of Mellman were filed October 27, 1961. Only one assignment of error is made and reads as follows:

''Appellant says there was error prejudicial to this Appellant in the judgement (judgment), final order and proceedings of the lower Court, and that same are contrary to law and against the weight of the evidence.''

On November 14, 1961, counsel for defendants-appellees filed a motion to dismiss the appeal in two branches reading as follows:

''Appellees respectfully move the Court to dismiss this Appeal on Questions of Law, for the reason that Appellant has failed to file in the lower Court and in this Court a Bill of Exceptions within the time required by law and by the rules of the Court, and the error complained of herein cannot be exhibited otherwise than by a Bill of Exceptions.

"Further, in the event that this Court overrules Defendants-Appellees' Branch I of this Motion, Defendants-Appellees respectfully move the Court for an extension of fourteen days from the date of said overruling of the Motion within which to file an Answer Brief to Plaintiff-Appellant's Brief herein."

It is of course well-settled that an appellate court, in absence of a bill of exceptions, may not consider errors which can be disclosed only by a bill of exceptions. In the case of *Tenesy* v. *City of Cleveland*, 133 Ohio St., 251 (1938), the first and second branches of the syllabus are as follows:

"1. When an appeal is taken on questions of law, it is mandatory that a bill of exceptions be filed in the trial court within the forty-day limitation prescribed by Section 11564, General Code, to enable a reviewing court to consider the contents of such bill.

"2. Where such bill of exceptions is not filed in the trial court within the time so prescribed, and the errors assigned are such as can be disclosed only by a bill of exceptions, the reviewing court has no alternative but to affirm the judgment."

The *Tenesy case, supra,* was cited with approval in the case of *Mayborn* v. *Continental Casualty Co. of Chicago et al.,* 165 Ohio St., 87 (1956). See also *State, ex rel. Novak* v. *Bright et al.,* 165 Ohio St., 363 (1956), and *State, ex rel. Cliffview Land Co.* v. *Maloney, etc.,* 166 Ohio St., 45 (1956).

However, it has been held by the Court of Appeals of the Second District that a bill of exceptions is not essential where part of the alleged errors are apparent on the face of the record where the decision is entered on the record. In the case of *Betty's Royal Tavern, Inc.* v. *Board of Liquor Control et al.,* 75 Ohio Law Abs., 457 (1956), the syllabus reads as follows:

"A bill of exceptions is not essential to a review on questions of law where a part of the alleged errors assigned are apparent on the face of the record nor when the decision is entered on the record."

In the case of *Byrd* v. *Ingalls, etc.,* 76 Ohio Law Abs., 355 (1955), the syllabus reads as follows:

"Where the decision of the trial court is made a part of the record and exemplifies the errors assigned a bill of exceptions is not necessary."

Section 2321.05, Revised Code, provides in part as follows:
"When the decision to which an exception is taken is not entered on the record, or the grounds of the exception do not sufficiently appear in the entry, or the exception is to the decision of the court on a motion to direct nonsuit, or to arrest the evidence from the jury, or a motion for a new trial for misdirection to the jury, or because the verdict, or the finding of the court, if a jury is waived, is against the law and the evidence, or the admission or rejection of evidence, or a motion for judgment under Section 2323.18, Revised Code, the party excepting must reduce his objections to writing as a bill of exceptions, and file them in the cause, not later than forty days after the perfecting of the appeal by the filing of the notice of appeal within the time provided by Section 2505.07, Revised Code. * * *"

As above stated, the decision in this case was by journal entry attached to the file.

It appears therefore that the first branch of the motion must be overruled and it is so ordered. The second branch which asks the court for an extension of time in which to file defendants-appellees' brief, is sustained and defendants-appellees are allowed fourteen days from the date of the announcement of this decision in which to file their answer brief.

DUFFEY, P. J., and DUFFY, J., concur.