THE STATE, EX REL. RIDGE, ET AL., APPELLEES, *v.* MOON, DIR., ET AL., APPELLANTS.

(No. 7239—Decided May 21, 1963.)

Mr. *Edwin M. Tuttle* and Mr. *Joseph S. Deutschle, Jr.*, for appellees.

Mr. *William B. Saxbe*, attorney general, and Mr. *James E. Rattan*, for appellants.

DUFFY, P. J. This was originally an appeal on questions of law and fact; and on January 14, 1963, the appeal on questions of law and fact was dismissed and was retained as an appeal on questions of law only. The relators, appellees herein, now move this court for an order dismissing the appeal on questions of law for the reason that the respondents, appellants herein, have failed to file a bill of exceptions within the time provided by law. The respondents contend that the errors assigned are apparent on the face of the record and that no bill of exceptions is required to portray them.

The entry of the trial court shows that a motion for judgment was made at the conclusion of the opening statements of counsel, and the court's ruling was based on the pleadings and opening statements of counsel. In the absence of a bill of exceptions, the opening statements of counsel are not before this court, but accepting the respondents' contention that the errors assigned are portrayed on the face of the record and a bill of exceptions is not needed, the motion to dismiss the appeal will be denied at this time.

The motion for an order to dismiss the appeal is denied. See *Mellman* v. *Golden*, 91 Ohio Law Abs., 54.

*Motion denied.*

BRYANT and TROOP, JJ., concur.

(Decided October 22, 1963.)

ON THE MERITS.

TROOP, J. This appeal is from a final order of the Common Pleas Court of Franklin County overruling a motion for a new trial entered on December 14, 1962. The appeal, originally one on questions of law and fact, was retained by this court as an appeal on questions of law, as shown by its entry filed June 21, 1963. The action was begun as a class action by Stanley A. Ridge, an employee of the Department of Liquor Control of the state of Ohio, to recover pay for claimed excessive hours worked, as required by an administrative superior. Relators allege having worked more than forty hours in seven-day periods and on days declared by law to be holidays. Some allegations of incidental facts are recited in relators' amended petition in addition to the basic one claiming overtime hours worked. The amended petition prays for a writ of mandamus directed to the director to require him to certify the amount of overtime, claimed to have been worked, to the Auditor of State and, in turn, a writ to require the Auditor of State to order payment.

The answer of respondents denies that the relators were ordered to work overtime by their responsible administrative superiors and that they did work overtime as alleged. Further, the answer claims that Ridge had no authority from the other relators to bring an action on their behalf.

The first paragraph of the journal entry, to which this appeal is addressed, reads as follows:

"This cause came on to be heard, and at the conclusion of the opening statements of counsel the following motions were made on the pleadings and statements."

Following is a recital of the motions made, two by each of

the parties. Respondents, by their motions, requested the dismissal from the action of all relators except Ridge, and by separate motion that the action be dismissed as to Ridge. Simultaneously, all the relators moved for judgment in their favor and, individually, Ridge moved for judgment in his favor.

The trial court ruled on each of the motions and dismissed from the action all the relators except Ridge, and sustained the motion of Ridge for a judgment in his favor. Accordingly, the motions to dismiss the action with respect to Ridge and for a judgment in favor of all relators were overruled. A direction to the Director of Liquor Control to compute the exact sum owed Ridge is included in the entry.

No evidence was taken. No bill of exceptions is submitted. The appeal is before this court on the record and the papers contained in the files.

The first assignment of error, upon which appellants rely, urges that the court erred in granting a judgment to Ridge without receiving any evidence whatsoever. They urge, in support of their position, consideration of the propositions appearing in 31 Ohio Jurisprudence (2d), 524, Section 35, as follows:

"A party is only entitled to a judgment or decree according to his allegations and proof. A judgment in a cause in which there is an issue of fact cannot be rendered in the absence of an admission of or testimony as to such fact. * * *"

Issues are clearly drawn by the pleadings in the case before us. Basically, the relators claim overtime pay for work properly authorized, required, and performed. Respondents deny that the work was done or demanded to be done. It follows that judgment can not be given "in the absence of an admission of or testimony as to such fact." There is no evidence or testimony. An "admission," therefore, is essential, and it must be found in "the opening statements of counsel," if there be such admission. There being no bill of exceptions before us, and it appearing that no stenographic record was made at the time of hearing, how then can it be determined whether there is such an admission as to support a judgment? That is the nub of the problem before us.

This court was aware of the problem with which we are now confronted in this review at the time of its decision to re-

tain the appeal on questions of law. In the second paragraph of the opinion filed May 21, 1963, the following language appears:

"The entry of the trial court shows that a motion for judgment was made at the conclusion of the opening statements of counsel, and the court's ruling was based on the pleadings and opening statements of counsel. In the absence of a bill of exceptions, the opening statements of counsel are not before this court, but accepting the respondents' contention that the errors assigned are portrayed on the face of the record and a bill of exceptions is not needed, the motion to dismiss the appeal will be denied at this time."

Counsel for relators take the position that the case is here on a "presumption of regularity in the lower court," and that the rule in *Tenesy* v. *City of Cleveland* (1938), 133 Ohio St., 251, precludes consideration by this court. Other cases decided since 1938 make the decision of this point more difficult to reach since the rule they follow is much less rigid than that set down in the *Tenesy case, supra.*

This court considered the decision and rule announced in the *Tenesy case, supra,* in deciding a motion to dismiss an appeal in the case of *Mellman* v. *Golden* (1962), 91 Ohio Law Abs., 54. In overruling the motion to dismiss, the court followed the rule set out in headnote two, as follows:

"A bill of exceptions is not essential where part of the alleged errors are apparent on the face of the record where the decision is entered on the record."

In the *Mellman case*, the trial court had rendered a written decision and made it a part of its entry by reference. The decision of the trial court became, therefore, a part of the record and removed the necessity for a bill of exceptions. In holding. that a bill of exceptions is unnecessary where the decision of the trial court is incorporated in the record, and exemplifies the errors to which the appeal is addressed, this court followed decisions in *Betty's Royal Tavern, Inc.,* v. *Board of Liquor Control* (1956), 75 Ohio Law Abs., 457, and *Byrd* v. *Ingalls, Exr.* (1955), 76 Ohio Law Abs., 355.

There is no decision of the trial court in the instant case to be incorporated in the record. It should be noted, however, that this court, then the Second District, in the *Betty's Royal*

*Tavern case, supra*, says that a bill of exceptions is not essential "where a part of the alleged errors assigned are apparent on the face of the record," as well as when a decision of a trial court is a part of the record.

It is at this point that a careful examination of "the face of the record" becomes urgent. The entry of the trial court, filed March 21, 1961, is the focal point of our scrutiny. The entry recites a hearing, "and at the conclusion of the opening statements of counsel the following motions were made on the pleadings and statements." The motions are then set out in the entry, and following is a short paragraph beginning, "The court, on consideration, finds * * *." The court then rules upon two of the motions. There follow later rulings on the other two motions but without reference to the basis of the decision.

At no point in the entry, or elsewhere in the record, does the court indicate anything more than "consideration" of the opening statements of counsel. There is no reference to any admission by counsel for either party which was the basis for the trial court's rulings. Most commonly, a motion is made by one counsel to direct a verdict in favor of his party based upon an admission, or statement, made by counsel for the opposing party. The language used in the motions made in this case differs somewhat because the court is the trier of the facts, but that is not material. The common pattern produces the effect suggested in 52 Ohio Jurisprudence (2d), 676, Section 154, as follows:

"* * * Such a motion constitutes an admission by the defendant, for the purpose of the motion, of the truth of all the statements that the plaintiff proposes to establish by the evidence, and is therefore in substance and effect, for the purposes of the motion, an agreed statement of facts, leaving for the court to determine only whether such facts and inferences, unexplained, undenied, and unaffected by any other facts, entitled the plaintiff to a judgment in law. * * *"

An effect such as suggested by the text writers is impossible in this case. The trial court simply *considered* the statements of both counsel. There is no indication of just what evidence was produced by way of admission, that was accepted by the trial court, and became the basis of its judgment. The opening statements must then be regarded as simply fulfilling

the statutory requirements found in Section 2315.01, subsections (A) and (B), Revised Code. They read as follows:

"The plaintiff concisely must state his claim, and briefly may state his evidence to sustain it.

"The defendant must then briefly state his defense, and briefly may state his evidence in support of it."

So far as the face of the record shows, specifically the court's entry, the statements of counsel appear to be merely a brief summary or outline of the substance of the evidence intended to be offered and, as such, each would nullify the other; the net result produced would be a judgment on the pleadings. Certainly Ohio courts have recognized the propriety of a judgment following an opening statement, but it appears abundantly clear that the statement must produce what amounts to evidence by an admission, the truth of which is undisputed. The trial court made no such finding. Upon the face of the record it appears that the trial court entered judgment without evidence. The function of an opening statement is set out in the case of *Maggio* v. *City of Cleveland* (1949), 151 Ohio St., 136. The applicable syllabus is as follows:

"1. In keeping with subdivisions 1 and 2 of Section 11420-1, General Code, the function of an opening statement by counsel in a jury trial is to inform the jury in a concise and orderly way of the nature of the case and the questions involved, and to outline the facts intended to be proved."

The attitude of Ohio courts toward the rendition of judgments following opening statements appears in 52 Ohio Jurisprudence (2d), 677, Section 154. It is as follows:

"It is generally agreed that the court should exercise great caution in directing a verdict on the opening statement of counsel, and the granting of such a motion will be upheld only where it is clear that all the facts expected to be proved and that have been stated do not constitute a cause of action; otherwise, the trial court's action may be reversed by the reviewing court."

See, also, *Neckel* v. *Fox* (1924), 110 Ohio St., 150; *Ellis* v. *Victor Electric Products, Inc.* (1949), 85 Ohio App., 170; and *King* v. *Morrison Motor Freight Lines* (1959), 111 Ohio App., 172, at page 176.

The record, upon its face, discloses that the trial court erred in deciding the case. The pleadings reveal that the is-

sues are clearly drawn. The trial court entered judgment without indicating in its entry that there were facts produced in either or both opening statements of counsel upon which it relied. The judgment of the trial court is, therefore, reversed and the case remanded for further proceedings according to law. So finding, it is unnecessary to pass upon the second assignment of error.

*Judgment reversed.*

DUFFY, P. J., concurs.
DUFFEY, J., dissents.

DUFFY, P. J., concurring. I concur in reversal of the judgment of the trial court because the entries of the trial court do not show on their face that the parties were in agreement, or that the issues had been decided by the pleadings and statements of counsel. As long as an issue of fact remained, the sustaining of the motion for judgment was error.

It is also unusual for the trial judge to order a respondent to prove how much he owes the relator as there is nothing in this file to indicate that the burden of proof ever shifted from the relators.

DUFFEY, J., dissenting. In the course of an opening statement, there may be admissions of fact beyond those facts admitted by the pleadings. The controlling journal entry here recites that opening statements were made and that the ruling of the court was based upon consideration of the pleadings and statements. To consider is to weigh and evaluate. Since there is no bill of exceptions, this court has no knowledge of the contents of appellants' statements. The judgment rendered is not inconsistent with the pleadings. We must therefore apply the presumption of regularity. Accordingly, in my opinion, there is no error apparent of record.