240

Evans, Appellant, *v.* Whirlpool Corp., Appellee.

[Cite as Evans v. Whirlpool Corp., 10 Ohio St. 2d 240.]

(No. 40406—Decided May 31, 1967.)

*Messrs. Williams, Murray, Deeg & Ketcham, Mr. Gordon E. Williams* and *Mr. Victor A. Ketcham,* for appellant.

*Messrs. Moore, Myers, Parsell & Firstenberger* and *Mr. Theodore A. Parsell,* for appellee.

*Per Curiam.* When the city accepted these waste materials from defendant with actual notice of their character, it undertook to dispose of them and thus became, as to the defendant, an independent contractor.

This court's holding in *Wellman* v. *East Ohio Gas Co.,* 160 Ohio St. 103, disposes of plaintiff's contentions. Paragraphs one and two of the syllabus read:

"1. Where an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor.

"2. One who engages an independent contractor to do work for him ordinarily owes no duty of protection to the employees of such contractor, in connection with the execution of the work, who proceeds therewith knowing and appreciating that there is a condition of danger surrounding its performance."

The trial court was correct in directing the verdict for the defendant. The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.