**MERSITS et al., Appellants,**

v.

**PODOJIL BUILDERS, INC., Appellee.**

[Cite as *Mersits v. Podojil Builders, Inc.* (1989), 64 Ohio App.3d 266.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57226.

Decided Sept. 11, 1989.

*Miller & Tolaro Co., L.P.A.,* and *James L. Deese,* for appellants.

*Kuepper Walker, Hawkins & Chulick* and *Mark R. Chulick,* for appellee.

*Per Curiam.*

Plaintiffs Frank and Eleanor Mersits appeal from the judgment of the trial court which granted summary judgment to defendant Podojil Builders, Inc., in the Mersitses' negligence action. For the reasons set forth below, we reverse.

## I

On or about March 12, 1986, defendant, the general contractor for the construction of a Jiffy Lube at 26080 Euclid Avenue in Euclid, Ohio, subcontracted with Frank Mersits, doing business as Reliable Drywall, to install drywall at that work site. Mersits subsequently sustained personal injuries at the work site on March 22, 1986 when a seemingly assembled steel door jamb which he was attempting to remove from his work area came apart and collapsed upon him.

Thereafter, on March 22, 1988, plaintiffs filed a three-claim complaint against defendant, alleging essentially that Mersits' injuries were the direct and proximate result of defendant's failure to maintain the job site in a safe condition. Defendant submitted an answer in which it denied that it was responsible for Mersits' injury, then moved for summary judgment arguing that its liability was precluded because the injury was the result of an inherently dangerous activity. Defendant further argued that judgment should be entered for the defense because defendant did not participate in the events causing the injury. Defendant's motion was granted on January 10, 1989, and this appeal was then commenced.

## II

 For their sole assignment of error, plaintiffs contend that the trial court erred in granting defendant's motion for summary judgment because defendant owed Mersits a duty of care pursuant to R.C. 4101.11, and because this matter does not come within the "inherent risk" exception to this duty. As we conclude that there is a genuine issue of material fact as to whether

this situation comes within the "inherent risk" exception to R.C. 4101.11, we hold that summary judgment was improvidently granted.

■ R.C. 4101.11 provides as follows:

"Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."

The term "frequenters" as used in this statute includes independent contractors. See *Cyr v. Bergstrom Paper Co.* (1982), 3 Ohio App.3d 299, 301, 3 OBR 345, 348, 444 N.E.2d 1349, 1352. Such an invitee may recover when the injury results " ' * * * by reason of the abnormally dangerous condition of the premises, only if the principal employer has, and the servant has not, actual or constructive notice of the existence of such condition.' " *Eicher v. United States Steel Corp.* (1987), 32 Ohio St.3d 248, 249, 512 N.E.2d 1165, 1167, quoting *Davis v. Charles Shutrump & Sons Co.* (1942), 140 Ohio St. 89, 23 O.O. 299, 42 N.E.2d 663, paragraph one of the syllabus.

■ The duty owed to an independent contractor, however, does not extend to hazards which are inherently and necessarily present because of the nature of the work performed. *Eicher v. United States Steel Corp.*, *supra*, at syllabus; see, also, *Briere v. Lathrop Co.* (1970), 22 Ohio St.2d 166, 171, 51 O.O.2d 232, 235, 258 N.E.2d 597, 601; *Wellman v. East Ohio Gas Co.* (1953), 160 Ohio St. 103, 51 O.O. 27, 113 N.E.2d 629, paragraph one of the syllabus.

This "inherent risk" exception to R.C. 4101.11 will be applied where the independent contractor is injured while undertaking to do work, the very doing of which contains elements of real or potential danger. *Wellman v. East Ohio Gas Co.*, *supra* (contractor hired to lay gas lines to be attached to existing high pressure gas lines could not recover for injuries sustained when cap blew off from high pressure line). See, also, *Cafferkey v. Turner Constr. Co.* (1986), 21 Ohio St.3d 110, 21 OBR 416, 488 N.E.2d 189 (recovery denied where contractors hired to drill and install caisson foundations of a building were killed while attempting to prepare a hole for a caisson using a cutting torch in an area known to contain methane gas); *Evans v. Whirlpool Corp.* (1967), 10 Ohio St.2d 240, 39 O.O.2d 372, 227 N.E.2d 208 (salvager at dump could not recover for injuries caused by dumping of caustic chemicals where nature of chemicals was previously explained to supervisor in charge of

dump); *Schwarz v. General Elec. Realty Corp.* (1955), 163 Ohio St. 354, 56 O.O. 319, 126 N.E.2d 906 (independent contractor could not recover for injuries sustained while unloading steel in close proximity to a clearly marked high voltage power line).

Finally, the "inherent risk" exception will not bar recovery where the defendant "actually participated in the job operation performed by the crew of the independent contractor." *Hirschbach v. Cincinnati Gas & Elec. Co.* (1983), 6 Ohio St.3d 206, 208, 6 OBR 259, 261, 452 N.E.2d 326, 329. For " 'the existence of hazards which could have been eliminated by the exercise of ordinary care by those in custody or control of the premises cannot be considered as inherent hazards necessarily present because of the character of the work to be done.' " *Id.*, citing *Parsons v. Blount Bros. Constr. Co.* (C.A.6, 1960), 281 F.2d 414, 417.

Applying the foregoing, we do not believe that it has been established that Mersits was injured through inherently risky employment. For while Mersits admitted that it is not uncommon to move items at the work site, this does not establish that the work was inherently dangerous or that he could reasonably expect to encounter the harm sustained in the performance of his work. Thus, from the state of the record, it cannot be determined whether Mersits was injured through a hazard inherent to his employment or a hazard which defendant could have eliminated by using ordinary care.

Accordingly, the trial court erred in granting defendant's motion for summary judgment and the judgment of the trial court is reversed.

*Judgment reversed.*

JOHN F. CORRIGAN, P.J., STILLMAN and MITROVICH, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, sitting by assignment.

PAUL H. MITROVICH, J., of the Court of Common Pleas of Lake County, sitting by assignment.