92 F.3d 1185
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Constance GROSSMAN, Plaintiff/Appellant,
v.
ARISTECH CHEMICAL COMPANY, a Delaware Corporation, Defendant/Appellee.
 No. 95-1734.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1996.
 
 Before: KENNEDY, JONES and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Constance Grossman, an employee of an independent contractor, was allegedly injured when she inhaled harmful fumes while performing her job on property owned by defendant, Aristech Chemical Co. ("Aristech"). The District Court concluded that under Ohio law defendant owed plaintiff no duty or, alternatively, did not breach any duty it may have owed plaintiff and therefore granted defendant summary judgment. We AFFIRM.
 
 I.
 
 2
 In November of 1991, plaintiff was employed by MWR, Inc., a Michigan corporation, ("MWR"), specializing in environmental clean-up and consulting. MWR, at the time, had contracted with defendant, Aristech, to perform a treatability study of a polluted area on Aristech property in Haverhill, Ohio, including an area known as the "lagoons." The work involved installation of a "soil vapor extraction system" in the bottom of the lagoon principally to extract phenol, a toxic chemical. On November 12, 1991, MWR assigned plaintiff to replace a vacationing supervisor on this project.
 
 
 3
 Plaintiff alleges that, on November 15, 1991, while working for MWR in a lagoon, she was overcome by ammonia fumes, which caused her serious and permanent injury. Plaintiff alleges that defendant was negligent in failing to advise her of the presence and hazards of ammonia, in failing to advise her on the use of protective equipment, and failing to provide a reasonably safe work place.
 
 
 4
 Defendant was therefore, plaintiff claims, in breach of its duty, as imposed by federal regulation, and under Ohio statutory and common law. Defendant countered that plaintiff's employer, MWR, had contractually assumed sole responsibility for the safety of its employees and defendant therefore owed no duty to its employees. The District Court agreed with defendant and ruled in its favor.
 
 II.
 
 5
 Our review of a District Court's grant of summary judgment is de novo. Mickler v. Nimishillen & Tuscarawas Ry. Co., 13 F.3d 184, 186 (6th Cir.1993), cert. denied, 114 S.Ct. 1835 (1994).
 
 
 6
 A prima facie showing of negligence includes proof of a duty, a breach of that duty, causation (direct and proximate), and damages. This is true in Ohio, whose law decides this diversity jurisdiction case, as it is throughout our country. See Wellman v. East Ohio Gas Co., 113 N.E.2d 629, 632 (Ohio 1953). Plaintiff's sole claim in this case is a negligence claim (though she attempts to ascribe a duty to defendant under federal law, or under Ohio statutory or common law). Therefore, if plaintiff has failed to provide evidence in support of any one of the elements of a negligence claim in response to defendant's motion for summary judgment, then we must affirm the District Court's grant of summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986).
 
 
 7
 The Ohio Supreme Court, in Wellman, held that no liability ordinarily attaches to one who has engaged the services of an independent contractor when an employee of the independent contractor, having undertaken work of inherent and obvious danger, is injured incident to the performance of that work. See Curless v. Lathrop Co., 583 N.E.2d 1367, 1370-71 (Ohio Ct.App.1989). Citing these cases, appellee argues that appellant failed to offer any evidence of duty.
 
 
 8
 Wellman and the line of cases following it, however, are qualified by Hirschbach v. Cincinnati Gas & Elec. Co., 452 N.E.2d 326 (Ohio 1983). In that case, the Ohio Supreme Court held that a defendant who "actually participates in the job operation performed by such contractor" and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor. Hirschbach, 452 N.E.2d at 329; Michaels v. Ford Motor Co., 650 N.E.2d 1352, 1355 (Ohio 1995). While plaintiff has provided evidence sufficient for a jury to find that defendant exercised sole control over some, if not all, of the anhydrous ammonia containers on the premises alleged to have caused plaintiff's injury, defendant did not participate in the job operation.
 
 
 9
 In Curless, 583 N.E.2d at 1377-78, the court of appeals held that, "in Ohio, an owner who employs an independent contractor is already liable for its own negligence to all third parties, including employees of the independent contractor ... for injuries resulting from latent defects on the land." A gas leak may be considered a latent defect on property. See Groves v. Phillips Petroleum Co., 257 N.E.2d 759, 762 (Ohio App.1969) (finding leaking propane gas container to be a latent defect). The hazard here is alleged to be due to ammonia gas settling in the lagoons. If defendant had knowledge of this hazard or failed to disclose it, Wellman would not insulate it from liability. It is less clear whether, if it knew only of leaks, not hazardous unless the gas settled in the lagoons, it would also be liable.
 
 
 10
 Thus, defendant owed a duty to plaintiff. It remains to be established whether the duty was breached, however. We find that appellant failed to provide sufficient evidence of a breach to submit the issue to a jury. The record in this case contains undisputed evidence that defendant told MWR about the presence ammonia on the premises, see JA at 685 (Deposition of Robert Volkmar), and, under the circumstances of this case, in so doing, it fulfilled its duty.
 
 
 11
 Defendant is not legally obligated under Ohio law to notify each individual employee of an independent contractor of potential hazards so long as the independent contractor itself is notified. See Schwarz v. General Electric Realty Corp., 126 N.E.2d 906 (Ohio 1955); Evans v. Whirlpool Corp., 227 N.E.2d 208 (Ohio 1967).
 
 
 12
 Furthermore, we disagree with plaintiff's argument that even if MWR had notice of ammonia on the premises, defendant breached a duty by not informing MWR about the history of ammonia leaks. Appellant's Brief at 27. We disagree that defendant's duty could reasonably reach this far. At the time of the alleged injury to appellant, there were no known ammonia leaks. A property owner's duty only extends to abnormally dangerous conditions of which he has actual or constructive notice. Wellman v. East Ohio Gas Co., 113 N.E.2d 629, 632 (Ohio 1953) (owner must warn of dangerous conditions of which he has notice); Mersits v. Podojil Builders Inc., 581 N.E.2d 562, 563 (Ohio App.1989) (citing Eicher v. United States Steel Corp., 512 N.E.2d 1165, 117 (Ohio 1987)).
 
 
 13
 We note that the ammonia leaks were infrequent and the most recent months old by the time of the alleged injury of appellant on November 15, 1991. See JA at 579 (5/15/91); Id. at 580 (6/5/91); Id. at 576 (9/24/91). They were isolated incidents amidst a record of minor incidents which are part and parcel of chemical manufacturing. See, e.g., JA at 573-74 (of 25 "spills and release[s]" reported in the month of September, 1991, one ammonia leak was recorded, stopped and repaired (9/24/91)). Furthermore, there is no evidence in the record that the railroad cars that had leaked previously (5/15/91, 6/5/91) were even on the property at the time of plaintiff's alleged injury, JA at 579-80, nor was there any evidence that any of the earlier ammonia leaks were in or even near the lagoon. There was, in sum, no evidence in the record that ammonia leaks constituted an abnormally dangerous condition when MRW started work of which defendant could be charged with having actual or constructive notice.
 
 
 14
 There is sound rationale behind the fact that there is no duty under Ohio law to give to frequenters a history of every mishap that has previously occurred on a piece of property. Imposition of such a duty would not only be onerous but also, under the facts of a case like this, given the multitude of incidents and the inherent uncertainty of hazardous waste clean-up, imposition of such a duty would surely be futile. We therefore conclude that defendant put MWR on notice as to ammonia on the premises and, under the circumstances (no actual or constructive knowledge of ongoing threat of ammonia leakage) thereby fulfilled any duty it might have owed plaintiff.
 
 III.
 
 15
 For the foregoing reasons, we AFFIRM the District Court's grant of summary judgment.