48

MARSHALL, APPELLANT, *v.* AARON ET AL., APPELLEES.

[Cite as Marshall *v.* Aaron (1984), 15 Ohio St. 3d 48.]

(No. 83-1662—Decided December 28, 1984.)

*Aronson, Fineman & Davis Co., L.P.A., Mr. William J. Davis* and *Mr. Bernard Fineman,* for appellant.

*Messrs. Gallagher, Sharp, Fulton & Norman, Mr. George W. Stuhldreher* and *Mr. Jay C. Rice,* for appellees Aaron, Boord and ABco.

*Messrs. McNeal, Schick, Archibald & Biro* and *Mr. Albert J. Biro,* for appellees Hart and CEI.

CLIFFORD F. BROWN, J.

I

The first issue presented for review is whether summary judgment was properly entered in favor of Boord, Aaron, and ABco. Plaintiff-appellant argues that the evidence adduced below was such that reasonable minds could differ as to whether Boord was an employee of Hart (as was plaintiff) and therefore immune from suit as a fellow employee under R.C. 4123.741, or an independent contractor, and potentially liable. We agree.

The principal feature which distinguishes the relationship of employer and employee from that of employer and independent contractor is the right to control the means or manner of doing the work. If the employer has this right to control, the worker is his employee. However, if the employer is merely interested in the result and does not retain the right to direct the manner in which the work is completed, the relationship is that of employer and independent contractor. *Councell* v. *Douglas* (1955), 163 Ohio St. 292 [56 O.O. 262], paragraph one of the syllabus.

Applying this principle to the instant facts, and viewing the evidence in the light most favorable to plaintiff, we find that reasonable minds could in fact differ as to the actual nature of the working relationship between Boord and Hart. Our review of the record reveals sufficient evidence to support a reasonable finding that Boord was an independent contractor rather than Hart's employee. Reasonable minds could infer from Boord's own deposition that he actually exercised direct control over the means

and manner in which the work was performed. For example, he stated that no Hart employees were present on the job site; he himself distributed the equipment to the painting crew; he discussed the job with the crew before the work began; he assigned the men to particular towers; and he could hire and fire members of the crew. These facts could be construed as depicting Hart as interested only in the work result, with Boord controlling the means of achieving the result. As such, the relationship described could be that of employer and independent contractor.

Other factors applicable to the determination of the nature of the relationship support our finding that Boord could have been an independent contractor for Hart. The method of payment was by the job rather than by the time spent. Plaintiff presented evidence by affidavit to the effect that it was believed that Boord was acting as a subcontractor for Hart. These factors may be considered in determining whether one acting for another is an employee or an independent contractor. *Gillum* v. *Indus. Comm.* (1943), 141 Ohio St. 373, 381-382 [25 O.O. 531].

Since we have concluded that reasonable minds could differ as to the nature of the relationship between Boord and Hart, it follows that summary judgment, rendered for Boord, Aaron, and ABco on the basis that Boord was an employee of Hart and therefore not liable as a matter of law, was improper. See Civ. R. 56(C). Our examination of the record discloses that the evidence presented by Boord, Aaron and ABco in support of their motion did not so clearly extinguish any triable issue of fact as to entitle them to judgment as a matter of law. Accordingly, we reverse the court of appeals' affirmance of summary judgment in favor of Boord, Aaron and ABco, and remand the cause for further proceedings as to these defendants.

## II

The second question before this court is whether the trial court properly granted summary judgment in favor of CEI in the absence of a motion by CEI requesting such relief. We answer in the negative.

Although Civ. R. 56(C) does not expressly so state, we rule that a party who has not moved for summary judgment is not entitled to such an order, even where co-defendants have filed for and obtained this relief. We find support for this holding in the implications of the language of the rule, which states in part:

"* * * A summary judgment shall not be rendered *unless it appears from * * * [the] evidence or stipulation and only therefrom,* that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made * * *." (Emphasis added.)

Where no motion has been filed, and necessarily no evidence attached thereto, no conclusion, favorable or adverse, is properly available upon which to base an order for summary judgment.

Furthermore, paragraph (C) provides specifically for service of the mo-

tion, for the filing of opposing affidavits, and a hearing. Paragraphs (A) and (B) indicate that the motion is to be made by a party. Nowhere is it intimated that a court may *sua sponte* enter summary judgment. Support for this position may be found in the federal cases. See, *e.g., Capital Films Corp.* v. *Charles Fries Productions, Inc.* (C.A. 5, 1980), 628 F. 2d 387, 390-391; *Denton* v. *Mr. Swiss of Missouri, Inc.* (C.A. 8, 1977), 564 F. 2d 236, 242.

It is particularly inappropriate to grant summary judgment in favor of all defendants where one of them has not moved for such relief and where, as here, the potential liability of the non-moving defendant is entirely different in character from that of its co-defendants. The basis of CEI's possible liability in this case is its status as landowner, a position none of its co-defendants shared. In this setting, plaintiff had no opportunity to show that a genuine issue of fact existed regarding CEI's liability as a landowner as distinguished from that of the other defendants. To summarily grant judgment to CEI under these circumstances strikes this court as a highly questionable practice which we cannot encourage.

For the foregoing reasons, we hold that Civ. R. 56 does not authorize courts to enter summary judgment in favor of a party who has not moved therefor. Accordingly, we reverse the entry of summary judgment in favor of CEI, and remand the cause for further proceedings as to this defendant.

### III

The final issue posed by this appeal is whether the evidence below demonstrated that Hart was entitled to judgment as a matter of law. We hold that summary judgment was properly entered in Hart's favor on the basis that Hart was a complying employer of plaintiff under R.C. 4123.74, and therefore immune from suit.

Plaintiff applied for, and received, workers' compensation benefits through Hart as a result of the injuries which are the subject of the instant suit. Plaintiff appears to concede that this fact renders Hart immune from suit as a complying employer under the Ohio Workers' Compensation Act. In any event, Hart has been administratively determined to be plaintiff's employer, and has demonstrated its compliance with the Act by providing plaintiff with workers' compensation benefits. The inevitable result is that Hart is immune from the instant suit, which impermissibly seeks recovery for plaintiff's injuries allegedly due to Hart's negligence.

This court's recent holding in *Hirschbach* v. *Cincinnati Gas & Elec. Co.* (1983), 6 Ohio St. 3d 206, is distinguishable from the instant cause. There we held that "[o]ne who engages the services of an independent contractor, *and who actually participates in the job operation performed by such contractor* and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor." (Emphasis added.) *Id.* at syllabus. No actual participation by Hart in the work performed by Boord is evident here. This is the "controlling and

dispositive factual distinction" which prompted the *Hirschbach* decision. *Id.* at 208.

Therefore, we conclude that Hart is entitled to judgment as a matter of law. Summary judgment in its favor was entirely proper, and we hereby affirm that portion of the judgment below which so held.

Accordingly, the judgment of the court of appeals is affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and J. P. CELEBREZZE, JJ., concur.

LOCHER and HOLMES, JJ., separately concur in part and dissent in part.

LOCHER, J., concurring in part and dissenting in part. I concur with the majority where specific facts are articulated that might lead reasonable minds to disagree on a motion for summary judgment. In this respect, Edward R. Boord should be retained as a defendant.

ABco Industrial Painting ("ABco") and Donald R. Aaron (the other partner in ABco) have no relationship to this suit except to the extent that defendant Boord is a partner in ABco. ABco and Aaron are residents of West Virginia and ABco has never worked for CEI in any capacity. Finally, the majority is unable to articulate a basis to keep either ABco or Aaron as parties herein. The majority test that requires Aaron and ABco to "clearly extinguish any triable issue of fact" prior to allowance of summary judgment seems contrary to the explicit test of Civ. R. 56(C) "that reasonable minds can come to but one conclusion" viewing the evidence in the light most favorable to the party opposing summary judgment. It is noteworthy that the majority could not articulate any evidence to support its assertion. As I have stated previously, "I question how a jury can perceive what a majority of this court is apparently unable to articulate." *Shinaver* v. *Szymanski* (1984), 14 Ohio St. 3d 51. Accordingly, I would allow summary judgment with respect to defendants ABco and Aaron.

I would, however, include CEI as a defendant in this matter solely on the basis that the plaintiff did not receive notice prior to the imposition of summary judgment with respect to CEI. It is incorrect to justify this result, as the majority does, solely on the basis of federal cases and an apparently *de novo* reading of Civ. R. 56(C). The novelty is apparent from the overbroad syllabus promulgated today which ignores the fact that summary judgment may also be granted in instances such as a judicial modification of a Civ. R. 12(B)(6) motion.

In *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154 (a case apparently now

overruled *sub silentio* by today's syllabus), this court clearly held a court must notify all parties that it has changed a Civ. R. 12(B)(6) motion into a motion for summary judgment in order to ensure that the party opposing the summary judgment might properly respond. Similarly, the trial court's unilateral action in changing CEI's perfunctory prayer for relief into a motion for summary judgment without giving appellant an opportunity to respond to the motion, as such, operated to appellant's serious prejudice contrary to the express requirements of Civ. R. 56(C) that the motion be set fourteen days prior to hearing.

Contrary to the syllabus and argument presented by the majority, it is not "new law" (presumably the sole rationale for offering a syllabus) to hold that summary judgment generally requires a motion under Civ. R. 56. Civ. R. 56(B) states this requirement on its face:

"* * * A party * * * may at any time, *move* with or without supporting affidavits for a summary judgment * * *." (Emphasis added.)

The real issue here, as it was in *Petrey,* is one of an ignored notice requirement and not the form of the motion made initiating summary judgment.

Given the simple requirements of Civ. R. 56(B) and the necessity for notice pursuant to Civ. R. 56(C) for the policy rationale articulated in *Petrey,* CEI or a trial court should clearly be required to offer some motion before CEI may take advantage of summary judgment, so appellant may be given sufficient opportunity to respond to summary judgment pursuant to Civ. R. 56(C). To state, as the syllabus does here, that a specific Civ. R. 56 motion is a prerequisite to summary judgment is incorrect.

Therefore, I would allow summary judgment for defendants Hart, ABco, and Aaron and reverse with respect to Boord and CEI. A reading of Civ. R. 56 in its entirety, as well as our prior decisions with respect to alternative methods of obtaining summary judgment, such as *Petrey,* supports my conclusions herein.

HOLMES, J., concurring in part and dissenting in part. I agree with that portion of the majority opinion which upholds summary judgment in favor of defendant Boyd E. Hart Company, Inc. ("Hart"). However, in my view summary judgment was also proper with respect to defendant Cleveland Electric Illuminating Company ("CEI") and defendants Boord, Aaron and ABco Industrial Painting ("ABco").

Trial courts must be provided with inherent authority to effectively deal with cases on their dockets. While CEI had not filed a motion for summary judgment, the trial judge apparently believed that he had sufficient evidence before him to grant summary judgment to all defendants. A review of the record clearly supports his ruling.

The parties to this action filed numerous affidavits, answers to interrogatories, and depositions which addressed the working relationships between the parties. It was patently clear to the trial court that CEI had con-

tracted with Hart to paint transmission towers. The court further ruled that the plaintiff was an employee of contractor Hart. Therefore, the court properly granted summary judgment for CEI based on the well-established rule of law that one who engages an independent contractor does not owe a duty to protect the contractor's employees. See *Wellman* v. *East Ohio Gas Co.* (1953), 160 Ohio St. 103 [51 O.O. 27]; *Schwarz* v. *General Electric Realty Corp.* (1955), 163 Ohio St. 354 [56 O.O. 319]; *Evans* v. *Whirlpool Corp.* (1967), 10 Ohio St. 2d 240 [39 O.O.2d 372]; *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166 [51 O.O.2d 232]; *Millhouse* v. *General Tire & Rubber Co.* (1983), 9 Ohio App. 3d 203.

Turning to the remaining issue, the majority ruled that reasonable minds could differ as to the nature of the relationship between defendants Boord and Hart. However, the record establishes that Boord was employed as a supervisor, not an independent contractor. In addition, Boord could be classified as a loaned servant which would also allow summary judgment on this issue.

In *Gillum* v. *Indus. Comm.* (1943), 141 Ohio St. 373 [25 O.O. 531], this court set forth at least nine factors to be considered in determining whether a working relationship is that of an employer and employee, or employer and independent contractor. In its zeal to reverse the appellate court, the majority chose to consider only two of the pertinent factors from *Gillum*. It conveniently failed to consider the other seven factors which clearly favor a finding of summary judgment for defendants Boord, Aaron and ABco.

Even assuming that Boord was not an employee of Hart in the present case, defendants are protected from liability due to the loaned servant doctrine as it is recognized in this state. Under the doctrine, when one lends an employee to another for a particular service, the loaned employee becomes the employee of the party to whom his services have been loaned. *Halkias* v. *Wilkoff Co.* (1943), 141 Ohio St. 139 [25 O.O. 257]. Therefore, liability cannot be imputed to ABco or its co-owner, Aaron. In addition, no cause of action is stated against Boord because Hart was a complying employer within the workers' compensation statutes and Boord was a fellow employee of plaintiff, thereby coming under the protection of R.C. 4123.741.

Based on the foregoing, I would affirm the appellate court as to all defendants.