OPINION
In April 1997, appellants, Diane Miller, and Bankruptcy Trustee for Diane Miller, John J. Hunter, initiated a legal malpractice suit against appellee, Richard R. Huber. Appellants' complaint alleged that appellee had negligently failed to advise appellant Miller concerning the propriety of her filing bankruptcy and failed to properly disclose and protect her assets. A second count alleged that appellee breached his promise to make good any losses appellant Miller suffered from his negligence.
According to appellants, this case proceeded normally until an October 1997 pretrial conference at which the trial judge proposed a settlement whereby judgment would be entered against appellee, but execution on the judgment would be limited to appellee's malpractice insurer or the Ohio Supreme Court's Malpractice Fund. Appellee would be absolved of any individual liability. According to appellants, their counsel informed the court that their agreement to such a settlement was unlikely, but that he would consult with them on the issue.
As anticipated, appellant Hunter rejected the offer stating that he believed that as a bankruptcy trustee he was without authority to grant the individual release the court suggested. Appellants state that even though they informed the court of this decision by phone and in writing, it nevertheless issued a judgment incorporating this provision. That judgment is the topic of this appeal. Appellants assert the trial court erred in entering such a judgment for a settlement they had rejected.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte
transfer this matter to our accelerated docket and hereby render our decision.
There is no transcript of the settlement conference, nor has appellants' letter to the court rejecting the settlement been made a part of the record. Consequently, there is nothing in the record to support appellants' contention that they rejected the proposed settlement.
However, there is also nothing in the record to support that either of the parties agreed to the "consent" judgment. The document itself is signed only by the judge. There is no trial or stipulation of fact upon which the court could have based the findings contained in the judgment, nor was there a motion for summary judgment or any other procedural device which could have made this matter decisional.
Judgments on the merits must be supported by competent, credible evidence, C.E. Morris v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. There was no hearing in this matter at which any evidence was introduced. Summary judgment may not be granted to a non-moving party. Marshall v. Aaron (1984), 15 Ohio St.3d 48, syllabus. No such motion was before the court.
Accordingly, as the trial court's judgment was without support in the record, it was erroneous. Appellants' sole assignment of error is well-taken.
The judgment of the Erie County Court of Common Pleas is reversed and vacated. This matter is remanded to said court for further proceedings consistent with this Opinion. Costs to appellee.
JUDGMENT REVERSED.
 Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.