OPINION
Plaintiffs-appellants Janet and Jacob Bohland appeal the April 20, 2000, Judgment Entry of the Richland County Court of Common Pleas granting Summary Judgment in favor of defendant-appellee Carroll Corporation.
 STATEMENT OF THE FACTS AND CASE
On March 25, 1999, plaintiffs-appellants Janet and Jacob Bohland [hereinafter appellants] filed a Complaint in the Court of Common Pleas for Richland County, Ohio, against several defendants, including defendant-appellant Carrols Corporation [hereinafter appellee]. Appellants alleged that appellant Janet Bohland was injured at a Burger King Restaurant owned and operated by appellee when she slipped and fell in some liquid on the floor in a restroom stall. Appellee filed an Answer on May 6, 1999. On February 11, 2000, appellee filed a Motion for Leave to File a Motion for Summary Judgment. The Motion for Leave indicated that a Motion for Summary Judgment was attached, however, the Motion for Summary Judgment was not attached and was never filed with the trial court. Thereafter, on February 22, 2000, appellants filed a Motion for the Court to Refuse The Motion for Summary Judgment on the basis that appellee's counsel was not properly served with the Motion due to an addressing mistake and that a facsimile copy of the Motion sent by appellee's counsel upon learning of the addressing mistake did not include the supporting affidavits. Further, on February 28, 2000, appellants filed a "Memorandum Contra Motion for Summary Judgment of Defendant, Carrols Corporation filed on or about February 10, 2000." On April 20, 2000, the trial court granted summary judgment in favor of appellee and against appellants. Upon the trial court granting of appellants' Motion for Voluntary Dismissal of all remaining parties, the trial court terminated the matter. It is from the April 20, 2000, grant of summary judgment in favor of appellee that appellants prosecute this appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE, CARROLS CORPORATION, ON THE ISSUE OF LIABILITY.
A review of the record before this court has revealed a deficiency which must be considered before we may consider appellants' assignment of error. Our review is limited to the record before this court. App.R. 12 (A). "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court shall constitute the record on appeal in all cases." App.R. 9(A). "Filed" means the paper has been delivered to the clerk of court for purposes of filing and must be indorsed (time stamped) by the clerk." State v. Gipson (1998), 80 Ohio St.3d 626, 632. This court's review of the record shows that the Motion for Summary Judgment was never actually filed in the trial court and is not part of the record before this court. While the parties and trial court proceeded as though a Motion for Summary Judgment had been filed, no such filing appears on the docket nor does the record contain a time stamped copy of the Motion. Before a trial court is authorized to grant summary judgment in favor of a party, that party must file a motion for summary judgment. Marshall v. Aaron (1984), 15 Ohio St.3d 48, 472 N.E.2d 335, syllabus. Therefore, since the Motion for Summary Judgment was not properly filed with the clerk of court's office and does not appear on the docket, the trial court was without authority to grant summary judgment. In light of the record's deficiency, appellant's assignment of error is sustained. We find that we reverse the entry of summary judgment and remand this matter for further proceedings.
The judgment of the Richland County Court of Common Pleas is reversed and remanded.
Edwards, J. Milligan, V.J. concurs Hoffman, P.J., dissents without opinion