JOURNAL ENTRY
{¶ 1} This appeal is brought by plaintiff-appellant Todd Hillabrand from the judgment of the Court of Common Pleas, Marion County, granting summary judgment to defendant-appellee Drypers Corporation.
 {¶ 2} The record presents the following facts. On May 3, 1996, Plaintiff-Appellant Todd Hillabrand incurred electrical shock injuries while performing duties in the course and scope of his employment with Holt Roofing Company (Holt Roofing). At the time of the accident, Hillabrand was the supervisor of a job in Marion, Ohio, for which Defendant-Appellee Drypers Corporation (Drypers) had hired Holt Roofing to perform a roof repair on the commercial building they occupied and leased from Willis Day Properties, Inc.
 {¶ 3} Hillabrand's injuries occurred when he threw a piece of metal debris from the roof, where he stood, intending it to reach a dumpster positioned on the ground below. The debris inadvertently made contact with an uninsulated, energized, electrical power line causing an electrical "flash" which thereafter struck and injured Hillabrand. Hillabrand currently suffers from significant memory loss and does not recall the events leading up to his injuries.
 {¶ 4} On May 30, 1997, Hillabrand filed suit in the Marion County Court of Common Pleas naming Drypers as a defendant[1]. The complaint alleged, inter alia, that Hillabrand's injuries were actually and proximately caused by Drypers' negligence. Specifically, Hillabrand alleged that Drypers had negligently positioned a garbage dumpster, in which Holt Roofing was to discard debris, below energized power lines. On November 27, 2000, after a significant period of discovery and delay, Drypers filed a motion for summary judgment. In the motion, Drypers argued that they owed no duty of care to Hillabrand since at the time of the accident, Hillabrand was performing duties in the scope of his employment with Holt Roofing, an independent contractor. The trial court granted summary judgment to Drypers on June 6, 2002. It is from this ruling that Appellant now appeals.
 {¶ 5} Appellant raises the following assignments of error.
 {¶ 6} "The trial court erred in granting the summary judgment motion of defendant-appellee Drypers because when viewing the evidence in a light most favorable to the plaintiff-appellant, reasonable minds may differ as to whether Defendant-Appellee actively participated in Plaintiff-Appellant's work so as to impose a duty of care."
 {¶ 7} "The trial court erred in granting the summary judgment motion of defendant-appellee Drypers because when viewing the evidence in a light most favorable to the plaintiff-appellant, reasonable minds may differ as to the forseeability of harm to Plaintiff-Appellant so as to impose a duty of care."
 {¶ 8} "The trial court erred when it considered the affidavit of Drypers' employee Jerry Marquis when granting Defendant-Appellee's motion for summary judgment."
 {¶ 9} Appellant asserts three assignments of error each alleging that the trial court erred by granting summary judgment to Appellee. In the first two assignments, Appellant argues that there is an issue of material fact as to whether Drypers owed Appellant a duty of care. Appellant's third assignment of error alleges that the trial court improperly relied on an affidavit that contained inadmissible hearsay, thereby violating Civ.R.56(E). For the reasons set forth in the opinion below, we do not find Appellant's arguments to be well taken and affirm the trial court's judgment.
 Summary Judgment Standard {¶ 10} An appellate court reviews the grant of a motion for summary judgment independently and does not give deference to the trial court's determination. Schuch v. Rogers (1996), 113 Ohio App.3d 718,720, 681 N.E.2d 1388, 1389-1390. Accordingly, we apply the same standard for summary judgment as did the trial court. Midwest Specialties, Inc.v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8,536 N.E.2d 411, 413-414.
 {¶ 11} Summary judgment is proper when, looking at the evidence as a whole (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679, 686-687. To make this showing the initial burden lies with the movant to inform the trial court of the basis for the motion and identify those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293.
 {¶ 12} Once the movant has satisfied this initial burden, the burden shifts to the non-movant to set forth specific facts, in the manner prescribed by Civ.R. 56(C), indicating that a genuine issue of material fact exists for trial. Id. at 293. The non-moving party is entitled to have the evidence construed most strongly in his favor.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66.
 First Assignment of Error {¶ 13} To establish a claim of negligence, Hillabrand must show that Drypers) had a duty to protect him; 2) breached that duty; 3) injury resulted; and 4) that the breach of the duty was the proximate cause of the injury. Mussivand v. David (1989), 45 Ohio St.3d 314, 544 N.E.2d 265. The question of whether a duty exists is a matter of law, not fact. Id.
"In Ohio it is well-established that liability in negligence will not lie in the absence of a special duty owed by the defendant." Gelbman v. TheSecond National Bank of Warren (1984), 9 Ohio St.3d 77, 78,458 N.E.2d 1262. When faced with Hillabrand's negligence claim against Drypers, the trial court concluded that Hillabrand failed the first prong of the negligence test; to establish that Drypers owed him a duty of care. Thus, the trial court determined that Drypers was entitled to a judgment as a matter of law. In his first assignment of error, Appellant insists that the trial court erred because there was, in fact, a factual dispute as to the existence of Appellee's duty of care. We disagree.
 {¶ 14} Generally, "where an independent contractor undertakes to do work for another in the very doing of which there are elements of real or potential danger and one of such contractor's employees is injured as an incident to the performance of the work, no liability for such injury ordinarily attaches to the one who engaged the services of the independent contractor." Wellman v. East Ohio Gas Co. (1953),160 Ohio St. 103, 108, 113 N.E.2d 629. See also Michaels v. Ford MotorCo. (1995), 72 Ohio St.3d 475, 650 N.E.2d 1352. It is undisputed that at the time of the accident, Appellant was an employee of Holt Roofing, an independent contractor hired by Drypers to repair a roof, in the very doing of which there are elements of real or potential danger, thus theWellman principal applies.
 {¶ 15} However, in Hirschbach v. Cincinnati Gas Elec. Co.
(1983), 6 Ohio St.3d 206, 452 N.E.2d 326, the Ohio Supreme Court carved out an exception to Wellman when it held, "One who engages the services of an independent contractor, and who actually participates in the job operation performed by such contractor and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor." Id at syllabus. (emphasis added) It is the actual participation by one who hires a sub-contractor that is the dispositive issue when applying the Hirschbach exception. Marshallv. Aaron (1984), 15 Ohio St.3d 48, 51-52, 472 N.E.2d 335. A general contractor who has not actively participated in a subcontractor's work, does not, merely by virtue of supervisory capacity, owe a duty of care to employees of subcontractor who are injured while engaged in inherently dangerous work. Cafferkey v. Turner Const. Co. (1986), 21 Ohio St.3d 110,488 N.E.2d 189.
 {¶ 16} Here, Appellant alleges that there is dispute of material fact as to whether Drypers actually participated in the roof repair conducted by Holt Roofing by ordering the placement of a dumpster. It is undisputed that the dumpster in question belonged to Drypers, that Drypers volunteered the use of the dumpster to Holt Roofing, and that Jerry Fout, a Drypers employee, moved the dumpster from the inside of the Drypers "shop," and positioned it outside, adjacent to the building after he was asked to "put it out there." The dispute, argues Appellant, is that Fout does not remember who told him to move the dumpster and does not remember why he chose to position the dumpster where he did. Fout could only speculate that he may have placed the dumpster according to where he was able to maneuver it with a forklift. Appellant argues that if a representative of Drypers, whether it was Fout or his supervisor, ordered or chose the location of the dumpster, Drypers actually participated in the roof repair and Drypers owed Hillabrand a duty of care pursuant to Hirschbach.
 {¶ 17} While we agree with Appellant's summation of the disputed issue, we do not agree that the source of Fout's orders are material to a finding in this matter. Regardless of who told Fout to place the dumpster adjacent to the building, such an act is not sufficient as a matter of law to establish actual participation. "Active participation which gives rise to a duty of care may exist `where a property owner either directs or exercises control over the work activities of the independent contractor's employees, or where the owner retains or exercises control over a critical variable in the workplace.'" DeAnda v.Vanegas Enterprises-Corro-Flo Engineering, Inc. (Dec. 14, 2001), Hancock App. No. 5-01-18, 2001-Ohio-2336, citing Sopkovich v. Ohio Edison Co.
(1998), 81 Ohio St.3d 628, 642-643.
 {¶ 18} Here, there is no evidence that Drypers exercised control over Holt Roofing's activities or employees. Appellant does not allege that Drypers demanded that the dumpster be placed in a particular spot for a particular reason. Nor does Appellant allege that Drypers refused to allow Holt Roofing to reposition the dumpster to a safer location, never mind the record is void of any evidence that would suggest Drypers had any interest whatsoever in where the dumpster was placed. Finally, Appellant does not point to any other area over which Drypers exercised control. Accordingly, Appellant does not fall into a valid Hirschbach
exception and has otherwise failed to establish the first prong of the negligence test; that the defendant owed him a duty of care. Appellant's first assignment of error is overruled.
 {¶ 19} In his second assignment of error, Appellant argues additionally and alternatively that Drypers owes him a duty of care pursuant to R.C. 4101.11 which states:
 {¶ 20} "Every employer shall furnish employment which is safe for the employees engaged therein, shall furnish a place of employment which shall be safe for the employees therein and for frequenters thereof, shall furnish and use safety devices and safeguards, shall adopt and use methods and processes, follow and obey orders, and prescribe hours of labor reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employees and frequenters."
 {¶ 21} The duty owed to frequenters, i.e., including employees of other companies, is no more than a codification of the common-law duty owed by an owner or occupier of premises to invitees, requiring that the premises be kept in a reasonably safe condition, and that warning be given of dangers of which he has knowledge. Eicher v. U.S. Steel Corp. (1987),32 Ohio St.3d 248, 249, 512 N.E.2d 1165. However, the duty to frequenters of places of employment, as set forth in R.C. 4101.11, does not extend to hazards which are inherently and necessarily present because of the nature of the work performed, where the frequenter is the employee of an independent contractor. Id., citing Wellman v. East OhioGas Co. (1953), 160 Ohio St. 103 at paragraph one of the syllabus. Rather, an independent contractor invitee may recover when the injury results "by reason of the abnormally dangerous condition of the premises, only if the principal employer has, and the servant has not, actual or constructive notice of the existence of such condition."Eicher at 249, citing Davis v. Charles Shutrump Sons Co. (1942),140 Ohio St. 89, 23 O.O. 299, 42 N.E.2d 663, paragraph one of the syllabus.
 {¶ 22} In the case at bar, Appellant neither argues nor establishes that Drypers and/or Fout had actual or constructive knowledge of any danger presented by the electrical wires. Fout testified that he had no training in electrical safety and had no experience with roofing. Appellant does not allege that Fout knew that Appellant would be tossing metal debris off of the roof. Moreover, Appellant does not allege an "abnormally dangerous" condition. In fact, the proximity to overhead power lines is inherent in roof repair as demonstrated by Appellant's testimony that he had been trained continually throughout his roofing career on the routine dangers of working near electrical wires. Appellant stated that he was trained to recognize electrical dangers and was taught how to implement safety procedures while working in the presence of electrical wires. Consequently, there is no issue of material fact as to Dryper's duty of care pursuant to R.C. 4101.11. Appellant's second assignment of error is overruled.
 {¶ 23} Appellant's third assignment of error addresses the propriety of an affidavit in which a representative from Drypers states that Holt Roofing chose the site of the dumpster. We have not considered this affidavit in our de novo review of the Appellee's summary judgment motion. Therefore, we will not address this assignment of error.
 {¶ 24} In conclusion, after construing the evidence most strongly in favor of Appellant, we find no genuine issue of material fact remaining to be litigated regarding a duty of care owed by Appellee. Thus, Appellant has fatally failed to establish the first prong of his negligence claim and Appellee is entitled to a judgment as a matter of law. For the reasons stated it is the order of this Court that the judgment of the Court of Common Pleas, Marion County is affirmed.
Judgment Affirmed.
 HADLEY and WALTERS, J.J., concur.
[1] The Complaint also named Ohio Edison Electric Company as defendants. Edison is not a party to this appeal.