I concur with the majority except on the trespass claim and the limitations it imposes on remand. First, the majority is mistaken when it says that "Misseldine, in his deposition, stated that his property extended all the way to the street." Majority opinion at 12. I do not find any such statement in Misseldine's deposition.[2] Because clear testimony about this fact is missing, I conclude a genuine issue of material fact remains for trial. This issue of fact precludes disposing of the trespass claim solely on the basis of Misseldine's description of the extent of the property.
 {¶ 48} Second, the record reflects contradictory evidence about the location of the garbage. At deposition, Misseldine testified that, typically, he places the garbage "a couple of yards off the roadway on my property." He also stated the property has no curb or public sidewalk. Zalewski's affidavit states the garbage was placed "on the front edge of the lawn and on a public sidewalk." Lantz, on the other hand, says the garbage "was placed at the curb where the Misseldine's concrete driveway meets the road." This testimony, when taken together with the absence of evidence about how far Misseldine's property extends, is ambiguous and contradictory. Therefore, even if the property extended to the road, as the majority claims was established, there is still a genuine issue of material fact as to whether the garbage was taken from public or private property. "Obviously, if it appears that a dispute exists as to any fact material to the issue being litigated, an entry of summary judgment against either party would clearly be erroneous, and constitute a denial of the right to a jury trial on that issue." Houk v. Ross (1973),34 Ohio St.2d 77, 296 N.E.2d 266.
 {¶ 49} Finally, I believe the majority has also exceeded its authority in ruling for Misseldine on the trespass claim, because the lower court never received any motion for summary judgment from plaintiff. The Ohio Supreme Court has held that "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." Marshall v. Aaron (1984), 15 Ohio St.3d 48, 472 N.E.2d 335, syllabus. All that came up on appeal to this court was defendant's motion for summary judgment, which the lower court granted. This court can reverse that decision; it cannot go any further. It must remand to proceed on the issue of trespass, on which we reversed.
 {¶ 50} The procedure followed by the majority reveals the manifest injustice in limiting what may be addressed on remand to damages. First, the majority declared that it was making a finding of fact based on the rule that the evidence must be construed in favor of the non-moving party. Then using that ruling as a basis-a ruling that can apply solely to a motion for summary judgment-the majority proceeded to rule for that same non-moving party on the claim itself. The final merits of a claim cannot be decided by favoring one side. Considering the obverse makes this point even clearer. If plaintiff had been the party who filed a motion for summary judgment, then in construing the evidence the court would be obliged to favor the defendant, not the plaintiff. In determining the final merits of a claim, the court cannot extend to the plaintiff an advantage based on his failure to file a motion for summary judgment.
 {¶ 51} Even if such a favor is not needed, this court cannot proceed to determine an issue which the litigants did not have a full opportunity to litigate. There is no obligation that a moving party present all its evidence in its motion for summary judgment. There is no question of res judicata at this stage. The moving party is not barred from presenting new evidence once its motion is denied. For whatever reasons it may have, it has the right to decide what issues and facts to present and what to hold back. Indeed, a motion for summary judgment is often merely a tactic to force the other side to produce its evidence and arguments before trial.
 {¶ 52} Although this court may believe the decision on this issue to be quite clear, it cannot deny the moving party the right to raise upon remand new questions of fact and even new defenses on the issue of trespass. Moving for summary judgment does not waive this right. The record here reveals a dispute over two material facts, namely, the location of Misseldine's property line and whether the garbage was taken from Misseldine's property or public property. The entry of summary judgment in favor of Misseldine, who never made such a motion, denies defendants their right to a jury trial on these issues.
 {¶ 53} Thus I would remand to proceed on the issue of trespass, both on the merits and damages.
[2] {¶ a} In his brief Misseldine claims to have made this statement on pp. 22-23 of his deposition. The statement is not there, nor is it a fair summary of what he said on these pages.
{¶ b} I also have a concern about whether Misseldine is competent to testify about the extent of his property line. See, Evid.R. 701, 702, and 803(19).