JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Svetlana Schreiber Associates Co., LPA, ("Schreiber Associates") appeals from the June 2, 2006 judgment entry of the Cleveland Municipal Court, granting summary judgment in favor of the non-moving party defendant-appellee, Lubica Brnjic a.k.a. Ljubita Brnjic ("mother"). Having reviewed the record and the pertinent law, we reverse and remand the case. *Page 3 
 {¶ 2} On October 14, 2003, a written agreement for legal services was entered into on Schreiber Associates' letterhead. The contract identified Nik Brnjic ("son") as the client and Svetlana J. Schreiber ("Schreiber") as the attorney. The relevant terms of the agreement are set forth as follows.
 {¶ 3} The first two paragraphs of the agreement provide:
 {¶ 4} "The above named client has retained [Schreiber] to represent their [sic] legal interest in the following matter:
 {¶ 5} "Cancellation of Deportation $75,000.00[1]
 {¶ 6} "INS Filing fees: $100.00
 {¶ 7} "It is agreed that we would start labor certs for Joey's new restaurant and Kathy's store and we will decide which one will proceed to I-140. All payments paid to date will be applied to the work on the Pepper Joe Labor Cert and there is no balance on that account."[2]
 {¶ 8} Paragraph three of the contract set forth that "[a]ll costs and filing fees shall be advanced by the client." Paragraph six further provided "* * * the client agrees that the attorney shall deem the agreement breached if the client has failed to make payments according to the agreement, or upon demand. * * *" *Page 4 
 {¶ 9} In addition, the final paragraph stipulated:
 {¶ 10} "Client will make an advance of $3500.00 within one week. Client will then make an effort to pay another $1000.00 prior to trial and will continue paying at the rate of $300.00 per month until the case is paid in full. * * *"
 {¶ 11} Finally, the agreement was signed only by Schreiber and mother.
 {¶ 12} On April 11, 2005, Schreiber Associates filed a complaint against mother seeking to recover an amount due upon the written agreement for legal services rendered for her benefit. The complaint alleged that mother owed Schreiber Associates $4,060.94, plus five percent interest per annum from October 16, 2003. Mother filed an answer on May 17, 2005.
 {¶ 13} Schreiber Associates filed a motion for summary judgment on June 20, 2005, and mother filed a memorandum of law in opposition on August 24, 2005. On October 14, 2005, the trial court denied Schreiber Associates' motion for summary judgment and ordered that discovery be completed within forty-five days.
 {¶ 14} On January13, 2006, the trial court sua sponte dismissed the case for want of prosecution without prejudice. Schreiber Associates filed a motion to vacate the dismissal on February 24, 2006, claiming the trial court dismissed the case due to mistake or inadvertence. The trial court granted the motion and vacated its prior dismissal. It set the matter for final pretrial on April 12, 2006. *Page 5 
 {¶ 15} At the pretrial, the trial court granted leave to file motions for summary judgment by June 1, 2006 and responses due fifteen days after filing. On May 5, 2006, the trial court revised its previous journal entry and ordered that motions for summary judgment must be filed by May 12, 2006 and responses filed by May 24, 2006.
 {¶ 16} Schreiber Associates filed its second motion for summary judgment on May 12, 2006. Mother did not file a response. In its June 2, 2006 judgement entry, the trial court stated:
 {¶ 17} "On May 12, 2006, Plaintiff filed a Motion for Summary Judgment.
 {¶ 18} Similar motion was filed on June 20, 2005 which was denied. Defendant filed response stating that agreement was between Defendant's son and Plaintiff.
 {¶ 19} "Pretrial had on April 25, 2006. Again Defendant alleged agreement was between son and Plaintiff. Upon review of documents, this Court finds that the agreement is between Plaintiff and Nick Brnjic. Therefore, this Court shall treat Defendant's Response to Motion for Summary Judgment as Defendant's Motion for Summary Judgment. Thereby, this Court finds no genuine dispute as to material fact and dismisses Plaintiffs complaint as being without merit."
 {¶ 20} It is from this judgment that Schreiber Associates filed a timely notice of appeal and raises the following sole assignment of error: *Page 6 
 {¶ 21} "The trial court committed reversible error when it dismissed the complaint after denying appellant's summary judgment motion, even though appellee had not sought summary judgment or dismissal and ample evidence of genuine disputes of material fact existed in the record. * * *"
 {¶ 22} We review an appeal from summary judgment under a de novo standard. Baiko v. Mays (2000), 140 Ohio App.3d 1, 10. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.Northeast Ohio Apartment Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997),121 Ohio App.3d 188, 192.
 {¶ 23} Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Duganitz v. Ohio AdultParole Auth. (1996), 77 Ohio St.3d 190, 191.
 {¶ 24} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgement. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293. If the movant fails to meet this burden, summary judgement is not appropriate. Id. at 293. If the movant does *Page 7 
meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact. Id.
 {¶ 25} In the case sub judice, Schreiber Associates argues that the trial court's conversion of mother's opposition memorandum and dismissal of the case is contrary to the plain language and requirements of Civ.R. 56.
 {¶ 26} We note at the outset that the trial court improperly dismissed Schreiber
 {¶ 27} Associates' complaint. Where it is appropriate, a trial court should grant or deny summary judgment, not dismiss the case.Carpenters Local 69 v. D W Quality Builders Inc. (July 29, 1988), 11th Dist. No. 1802, 1988 Ohio App. LEXIS 3049, at 7. However, for purpose of analysis, we interpret the trial court's judgment as granting summary judgment to mother and denying summary judgment to Schreiber Associates. Having done that, we must first determine if the trial court erred by granting summary judgment to mother when she did not move the court to do so.
 {¶ 28} Civ.R. 56 does not ordinarily authorize the entry of summary judgment in favor of a party who has not moved for judgment. (Emphasis added.) State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers Comp.
(1986), 27 Ohio St.3d 25, 28, citing Marshall v. Aaron (1984),15 Ohio St.3d 48, syllabus. However, the Ohio Supreme Court held, "* * * an entry of summary judgment against the moving party does not prejudice his due process rights where all *Page 8 
relevant evidence is before the court, no genuine issue as to any material fact exists, and the non-moving party is entitled to judgment as a matter of law." Id., citing Houk v. Ross (1973), 34 Ohio St.2d 77, paragraph one of syllabus. Thus, the trial court did not err when it granted summary judgment to the non-moving party. This being the case, we must now determine whether there was an issue of fact to be litigated in the case at bar, such that summary judgment was not proper.
 {¶ 29} Mother argues that an agreement does not exist between Schreiber Associates and herself. She maintains that the only parties to the agreement are Schreiber and son. Schreiber Associates contends that mother is bound by the terms of the contract. Schreiber 
Associates further maintains that mother promised to pay for the legal services provided to her son when she signed the agreement.
 {¶ 30} A parent is bound to a contract and liable for the debt of the child, even on an oral contract, if it can be determined that the parent secured the services of the attorney for his or her own benefit, and not merely for their child. Drake, Phillips, Kuenzli, Clark v.Skundor (1986), 27 Ohio App.3d 337, 339-340. Summary judgment cannot be granted if a dispute remains on the issue of whether legal services served the personal interests of the alleged client. Kahler v.Dendinger (Aug. 4, 1989), 3rd Dist. No. 13-88-03, 1989 Ohio App. LEXIS 3062, at 6. *Page 9 
 {¶ 31} In Kettering Med. Ctr. v. Smith (June 10, 1981), 2nd Dist. No. 1128, 1981 Ohio App. LEXIS 12030, at 11, the court held a mother liable for her adult son's medical services when she signed the agreement. The court reasoned: "An agent who signs his own name to a contract made on behalf of his principal, although he intends to bind only the principal, is himself personally liable if there is nothing on the fac[e] of the contract to indicate that it is the contract of the principal." Id., citing 3 Ohio Jur. 3d, Agency Section 130 (1978).
 {¶ 32} In the case sub judice, we note that neither party addresses the actual issues presented in this case. In her argument, mother does not acknowledge that she signed the agreement. The record reveals, not only did she sign the agreement, but she signed it on a blank signature line that was designated for her, not her son. She did not qualify her signature in any way that would indicate that she was acting on behalf of her son. She simply maintains that she is not a party to the contract, and thus is not liable for the amount due.
 {¶ 33} In mother's affidavit attached to her opposition memorandum to Schreiber Associates' first summary judgment motion, mother averred that son employed Schreiber to represent him in a legal matter and that she was not a party to the agreement. She stated that Schreiber prepared the fee agreement, setting forth the agreement between Schreiber and son. Mother further claimed *Page 10 
that "[a]t no time did I represent to [Schreiber] or her firm that I would be obligated to pay any expense or cost incurred by my adult son."
 {¶ 34} Schreiber Associates, likewise, does not mention, let alone explain, why son is listed as the "client," but did not sign the agreement. Nor does it acknowledge that throughout the written agreement, it consistently refers to "client," identified as son, as the one responsible for the fees. The agreement provides "[a]ll other costs and filing fees shall be advanced by client[,] * * * [u]pon a breach of the agreement, the client agrees to pay * * *[,]" and "[c]lient will make an advance of $3500.00 within one week. Client will then make an effort to pay * * *."
 {¶ 35} In addition, Schreiber Associates claims that mother paid a portion of the legal fees. However, the invoice, which it attached to the complaint and its summary judgment motion, merely showed thatsomeone made payments toward the legal services rendered, it did not indicate if it was mother or son. Moreover, the affidavit of Schreiber Associates' bookkeeper, which is attached to its motion for summary judgment, verifies that the invoice is an accurate billing statement, but the affiant does not aver that mother paid the retainer or made any payments toward the services.
 {¶ 36} Accordingly, we find there is a genuine issue of material fact as to whether mother personally benefitted from Schreiber Associates' legal services rendered or whether she was merely acting as an agent for son in signing the *Page 11 
financial statement. Therefore, there is a legitimate dispute as to who is responsible to pay for the legal services rendered by Schreiber 
Associates.[3]
 {¶ 37} Thus, we conclude the trial court erred by granting summary judgment to mother since there are genuine issues of material facts to be litigated.
Reversed and remanded.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J. and MELODY J. STEWART, J., CONCUR
[1] According to Schreiber Associates' brief, as well as an invoice attached to its complaint, the amount was actually $7,500 not $75,000.
[2] These two paragraphs were not numbered as one and two in the agreement. We also note that the terms of the agreement are ambiguous. Counsel conceded at oral argument that he did not know what legal services were rendered to mother or son, nor could he offer any explanation as to the second paragraph quoted here.
[3] We also note, in the conclusion of mother's August 24, 2005 memorandum of law in opposition to Schreiber Associates' first motion for summary judgment, she argued, "it is clear that there exists a genuine issue of material fact and, therefore, Plaintiff's motion for summary judgment must be denied." *Page 1