[Cite as *Advance Paroll Funding, Ltd. v. Maurer Elec., L.L.C.*, 2011-Ohio-1323.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| ADVANCE PAYROLL FUNDING, LTD. | : | JUDGES: |
|  | : | William B. Hoffman, P.J. |
|  | : | Julie A. Edwards, J. |
|  | : | Patricia A. Delaney, J. |
| Plaintiff-Appellant | : |  |
|  | : | Case No. 10CA83 |
| -vs- | : |  |
|  | : |  |
|  | : | O P I N I O N |
| MAURER ELECTRIC, LLC, et al., | | |
|  |  |  |
| Defendant-Appellee | | |

CHARACTER OF PROCEEDING:          Civil Appeal from Richland County
                                                              Court of Common Pleas Case No.
                                                              07CVF1315H

JUDGMENT:                                         Reversed and Remanded

DATE OF JUDGMENT ENTRY:          March 18, 2011

APPEARANCES:

For Plaintiff-Appellant                          For Defendant-Appellee

KENNETH BAKER                                ROBERT ROBY
Javitch, Block & Rathbone LLP            8000 Ravine's Edge Court, Suite 103
1100 Superior Avenue, 19th Floor        Columbus, Ohio  43235
Cleveland, Ohio  44114

*Edwards, J.*

{¶1} Appellant, Advance Payroll Funding, Ltd., appeals a judgment of the Richland County Common Pleas Court dismissing its complaint against appellee Darrell Maurer.

STATEMENT OF FACTS AND CASE

{¶2} Appellant filed the instant action on September 14, 2007, alleging that defendant Maurer Electric, LLC ("Maurer Electric") failed to pay for services rendered to it by Technical Skilled Trade Services, a company which provides temporary staffing to businesses. Appellant had entered into an agreement with Technical Skilled Trade Services whereby all of Technical Skilled's accounts receivable had been assigned to appellant.

{¶3} Maurer Electric filed an answer denying liability and a counterclaim for tortious interference with business relations.

{¶4} Appellee Darrell Maurer, president of Maurer Electric, filed a separate action against appellant for defamation (Case No. 2007CV1700). Appellant filed an answer denying the defamation allegations, and a counterclaim asserting the identical claims set forth in its action against Maurer Electric under a "piercing the corporate veil" theory. Upon motion by appellant, the trial court consolidated the two actions into one, Case No. 2007CV1315.

{¶5} Subsequent to the consolidation, appellee dismissed the defamation action against appellant.

{¶6} On January 10, 2009, appellant moved for summary judgment on its claims against Maurer Electric and its claims against appellee, as well as on Maurer

Electric's claim for tortious interference with a business relationship. Appellee filed a reply to the summary judgment motion. In its response to appellee's reply to the summary judgment motion, appellant reasserted its arguments in support of summary judgment against Maurer Electric on its claim and for judgment dismissing Maurer Electric's counterclaim. However, appellant retracted its motion concerning appellee:

{¶7} "Pertaining to Darrell Maurer personally, Advance concedes a question of fact exists as to whether Mr. Maurer is personally liable for the entire sum of $210,305.51, or only that portion of the claim that arose prior to the time Darrell Maurer changed from a sole proprietorship to an LLC." Reply Brief of Plaintiff to Defendants' Response to Summary Judgment, April 28, 2009, p. 7.

{¶8} On July 31, 2009, the trial court entered summary judgment on appellant's claims against Maurer Electric for $210,305.51. The court overruled the motion for summary judgment on the counterclaim, finding disputed facts precluded dismissing the claim for tortious interference. The trial court denied the claim for summary judgment against appellee, finding that appellant did not meet its burden of establishing its claim that the corporate veil should be pierced.

{¶9} On November 9, 2009, Maurer Electric dismissed its claims against appellant without prejudice. The trial court then cancelled the pending trial date and closed the case. On June 9, 2010, the trial court issued the following judgment:

{¶10} "It has been called to the attention of the Court that this Court did not clearly state its intention in its Judgment Entry dated July 31, 2009. This Court stated in its July 31, 2009 Judgment Entry: 'the within Judgment Entry grants judgment to plaintiff

in the amount of $210,305.51 against defendant Maurer Electric LLC and specifically indicates that plaintiff's judgment is against defendant corporation only.'"

{¶11} "What this Court did not say in its earlier entry was that plaintiff's efforts to pierce the corporate veil and hold Darrell Maurer personally liable for the debts of Maurer Electric LLC are not convincing and therefore Darrell Maurer is not personally responsible for the debts of Maurer Electric LLC and therefore defendant's counterclaim for damages, costs and attorney fees against Darrell Maurer as an individual are hereby Dismissed at defendant's costs."

{¶12} Appellant assigns a single error to this judgment:

{¶13} "WHETHER THE TRIAL COURT ERRED BY *SUA SPONTE* DISMISSING THE PLAINTIFF'S CLAIMS AGAINST DEFENDANT DARRELL MAURER AS 'NOT CONVINCING' WITHOUT PRIOR NOTICE."

{¶14} Although the trial court does not cite to a particular Civil Rule on which it based its decision to dismiss appellant's claim against appellee, it appears from the court's language, finding appellant's efforts to pierce the corporate veil unconvincing, that the court entered summary judgment in favor of appellee when the only summary judgment motion pending before the court was filed by appellant.

{¶15} The Ohio Supreme Court has held that Civ. R. 56 does not permit the court to enter summary judgment in favor of a non-moving party. See *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 472 N.E.2d 335, syllabus; *Bowen v. Kil-Kare, Inc.* (1992), 63 Ohio St.3d 84, 94, 585 N.E.2d 384.

{¶16} The court in the instant case did have a pending motion for summary judgment; however, such motion was filed by appellant, not appellee. Appellant's

burden on the issue of piercing the corporate veil on summary judgment would be to show that reasonable minds could only come to one conclusion and that conclusion is adverse to appellee. Civ. R. 56(C). That is a different burden than appellant would have to meet at trial, and the court therefore erred in concluding that because appellant failed to meet this burden on summary judgment, the court should enter summary judgment dismissing the claim. In fact, appellant conceded prior to the court's decision on summary judgment that disputed issues of material fact precluded summary judgment on this issue. No dispositive motion was filed by appellee on this issue. The court therefore erred in dismissing the claim on the basis that the court found appellant's efforts to pierce the corporate veil "unconvincing" as appellant had no duty to convince the court of the merits of its claim in order to avoid dismissal at that point in the proceedings.

{¶17}  The assignment of error is sustained.

{¶18}  The judgment of the Richland County Common Pleas Court is reversed and this cause is remanded to that court for further proceedings.


By: Edwards, J.

Hoffman, P.J. and

Delaney, J. concur

_____

_____

_____

                                                            JUDGES

JAE/r0119

[Cite as *Advance Paroll Funding, Ltd. v. Maurer Elec., L.L.C.*, 2011-Ohio-1323.]

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ADVANCE PAYROLL FUDNING, LTD | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MAURER ELECTRIC, LLC, et al., | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 10CA83 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings. Costs assessed to appellee.

_____

_____

_____

JUDGES