[Cite as *Gilcrest v. P. Gilcrest, L.L.C.*, 2024-Ohio-2622.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| LAURA GILCREST, | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| Plaintiff - Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| P. GILCREST LLC, et al., | : | Case No. 23 CAE 10 0093 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County
                                Court of Common Pleas, Case No.
                                22 CV H 03 0112

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               July 9, 2024

APPEARANCES:

For Plaintiff-Appellant                For Defendants-Appellees

JOSEPH C. PICKENS                      PATRICK KASSON
Isaac Wiles & Burkholder, LLC          KENT HUSHION
Two Miranova Place, Ste. 700           Reminger Co., L.P.A.
Columbus, Ohio 43215-5098              200 Civic Center Drive, Suite 800
                                       Columbus, Ohio 43215

                                       ADAM FRIED
                                       Reminger Co., L.P.A.
                                       200 Public Squire, Suite 1200
                                       Cleveland, Ohio 44114

*Baldwin, J.*

{¶1}　　The appellant, Laura Gilcrest, appeals the trial court's September 21, 2023, judgment entry granting the appellees' Motion for Summary Judgment. The appellees are P. Gilcrest, LLC ("the LLC") and P.N. Gilcrest Limited Partnership ("the Partnership").

## STATEMENT OF THE FACTS AND THE CASE

{¶2}　　On March 4, 2022, the appellees filed a complaint with the trial court seeking a declaratory judgment that the appellant's ownership percentage was 44.24% in P.N. Gilcrest Limited Partnership.

{¶3}　　On May 5, 2022, the appellant filed a Counterclaim alleging Count I: a declaratory judgment on the appellant's ownership percentage, Count II: accounting, Count III: breach of duty, and Count IV: breach of contract.

{¶4}　　On June 2, 2022, the appellees filed a Motion to Dismiss Counts II, III, and IV of the appellant's Counterclaim pursuant to Civ.R. 12(B)(6).

{¶5}　　On September 29, 2022, the appellant filed a Motion for Summary Judgment on Count III of the Claim and Count I of the Counterclaim, requesting a declaratory judgment on the appellant's ownership interest in the Partnership.

{¶6}　　On October 31, 2022, the trial court issued a judgment entry dismissing Count II outright and Counts III and IV except to determine the appellant's ownership percentage in the Partnership.

{¶7}　　On September 21, 2023, the trial court granted the appellees' Motion for Summary Judgment regarding the appellant's ownership interest in the Partnership, finding that the appellant owned 44.24% of the Partnership.

{¶8}    The appellant filed a timely appeal raising the following two assignments of error:

{¶9}    "I. THE TRIAL COURT ERRONEOUSLY DISMISSED MS. GILCREST'S ENTIRE COUNTERCLAIM DESPITE GILCREST LLC NEVER MOVING FOR SUMMARY JUDGMENT ON CLAIMS UNRELATED TO THE OWNERSHIP INTERESTS IN THE PARTNERSHIP.

{¶10}  "II. BECAUSE GILCREST LLC'S TAX STATEMENTS CREATED A GENUINE ISSUE OF MATERIAL FACT RELATED TO MS. GILCREST'S OWNERSHIP INTEREST IN THE PARTNERSHIP THE TRIAL COURT ERRONEOUSLY GRANTED SUMMARY JUDGMENT IN GILCREST LLC'S FAVOR."

## STANDARD OF REVIEW

{¶11}  Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. Accordingly, this Court reviews a trial court's award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶12}  Civ.R. 56(C) states in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." It continues, "[a] summary judgment shall not be rendered unless it appears from such evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that

conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C). Thus summary judgment may be granted only after the trial court determines that: 1) no genuine issues of material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

### I.

**{¶13}** In the appellant's first Assignment of Error, the appellant argues the trial court erred by granting the appellees' Motion for Summary Judgment on the appellant's Counterclaim as the appellees never moved for summary judgment on those claims. We disagree.

### ANALYSIS

**{¶14}** There is a general prohibition against trial courts sua sponte entering summary judgment in favor of a non-moving party. *Marshall v. Aaron* 15 Ohio St.3d 48, syllabus (1984); *State ex rel. J.J. Detweiler Enterprises, Inc. v. Warner,* 2004-Ohio-4659.

**{¶15}** In the case *sub judice*, the appellant states that the trial court erred when it granted the appellant's motion for summary judgment against the appellant's Counterclaim. Counts II, III, and IV of the appellant's Counterclaim argue that the LLC breached its Fiduciary Duty of Care by refusing the appellant access to the Partnership records, that the appellees reduced the amount of the appellant's distributions, that the

distributions were not timely, and that the appellees committed a breach of contract by reducing the amount of the appellant's distributions. The appellees filed a Civ.R. 12(B)(6) Motion to Dismiss relating to Claims II, III, and IV. The trial court granted the Motion to Dismiss, only leaving open the issue of ownership percentage, to be resolved by the courts finding in Count III of the appellees Complaint and Count I of the appellant's Counterclaim.

**{¶16}** Accordingly, we find that the trial court did not sua sponte grant summary judgment in favor of a non-moving party, but the trial court dismissed all counterclaims other than the appellant's ownership share of the Partnership in its October 31, 2023, judgment entry pursuant to Civ.R. 12(B)(6).

**{¶17}** Accordingly, the first Assignment of Error is overruled.

**II.**

**{¶18}** In the appellant's second Assignment of Error, the appellant argues that the trial court erred by granting the appellees' Motion for Summary Judgment because there was a genuine issue of material fact as to the appellant's ownership interest in the Partnership. We disagree.

**ANALYSIS**

**{¶19}** This Court has previously found that "[i]t is well established that the party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Infield v. Westfield Ins. Co.*, 2023-Ohio-1199 (5th Dist.); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293:

[A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not respond, summary judgment, if appropriate, shall be entered against the nonmoving party."

{¶20} The record on summary judgment must be viewed in the light most favorable to the opposing party." *Williams v. First United Church of Christ*, 37 Ohio St.2d 150 (1974)." *Id.* at ¶21.

{¶21} In the case *sub judice*, the appellees stated in their Complaint that due to calculation errors, the appellant's ownership interest in the Partnership was overstated at 46.045% in letters and tax documents. The appellees recalculated the ownership interest and sought a declaratory judgment that the interest is actually 44.24%. The appellees

provided affidavits and a detailed calculation of how they arrived at the 44.24% supporting their position. This shifts the burden to the appellant to set forth specific facts showing that there is a genuine issue of material fact. *Williams* at ¶21.

{¶22}  In an effort to show a genuine issue of material fact, the appellant points to the alleged erroneous tax documents and letters. At no point does the appellant question the appellees' calculation, nor does she provide a calculation of her own to refute the appellant's calculation. As she does not question the appellant's calculation, nor does she propose an alternative calculation of the ownership percentage, we find that the appellant failed to set forth specific facts showing a genuine issue of material fact.

{¶23}  Accordingly, the appellant's second Assignment of Error is overruled.

## ANALYSIS

{¶24}  For the forgoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is hereby affirmed.

By: Baldwin, J.

King, P.J. and

Wise, John, J. concur.