**JERANEK et al., Appellants,**

v.

**CORNWELL, Appellee.***

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–010099.

Decided Dec. 7, 2001.

---

* Reporter's Note:  The court sua sponte removed this cause from the accelerated calendar.  An appeal to the Supreme Court of Ohio was not allowed in (2002), 94 Ohio St.3d 1508, 764 N.E.2d 1037.

McFadden & Associates Co., L.P.A., and David A. Freeburg, for appellants.

Graydon, Head & Ritchey, L.L.P., and Harry J. Finke IV, for appellee.

GORMAN, Presiding Judge.

{¶ 1}   In their single assignment of error, plaintiffs-appellants Gregory M. and Paula J. Jeranek contest the trial court's entry of summary judgment in favor of defendant-appellee Mary B. Cornwell as it pertains to their claims to quiet title to Cornwell's alleged driveway easement over their registered-land lot.   The Jeraneks contend that Cornwell's easement, granted before the Jeraneks purchased their property, but not appearing on their certificate of title to the registered land, is not enforceable.   Because only easements in existence at the time of the

original registration of title are enforceable if not memorialized on the register of titles, pursuant to R.C. 5309.28(A), the trial court's judgment must be reversed.

{¶ 2} On April 8, 1983, Williamsburg Properties, Inc. granted Cornwell an easement over the adjoining Williamsburg property "for access, transmission and enjoyment." The easement was "received for record" by the Hamilton County Recorder's Office on July 14, 1983. For reasons not demonstrated in the record, the easement was not documented on the register of title. Both the Williamsburg and Cornwell properties were registered land, having been originally registered on November 6, 1975.

{¶ 3} On August 29, 1983, Edward L. Ball III and Judith Ball purchased the Williamsburg property. On July 1, 1994, eleven years after Cornwell had received the driveway easement, the Jeraneks purchased the property from the Balls. Neither certificate of title granted to the Balls or to the Jeraneks contained any reference to a driveway easement held by Cornwell. Sometime after July 1, 1994, the recorder added a reference to the 1983 driveway easement to the Jeraneks' register of title without their knowledge or consent. Ultimately, the Jeraneks commenced this lawsuit seeking to quiet title to their lot, and they further included claims for trespass and for slander of title.

{¶ 4} On November 13, 2000, Cornwell moved to dismiss the Jeraneks' complaint pursuant to Civ.R. 12(B)(6), or, in the alternative, for summary judgment. Cornwell attached to her motion a certified copy of the 1983 driveway easement. The Jeraneks filed a memorandum in opposition with evidentiary material attached. The trial court notified the parties that it was converting Cornwell's motion to a motion for summary judgment. On January 10, 2001, the court, in a written memorandum, entered judgment for Cornwell. The Jeraneks' appeal ensued.

{¶ 5} The function of summary judgment is to determine from the evidentiary materials if triable factual issues exist. Because summary judgment presents only questions of law, an appellate court independently reviews the entry of summary judgment de novo. See *Polen v. Baker* (2001), 92 Ohio St.3d 563, 564–565, 752 N.E.2d 258, 260.

{¶ 6} A motion for summary judgment shall be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated, (2) that the moving party is entitled to judgment as a matter of law, and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C); see, also, *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 662 N.E.2d 264.

■ {¶ 7} The substantive law governing this appeal is found in R.C. Chapters 5309 and 5310, which establish Ohio's registered-land system. Registration of land titles differs from the general recording system. The title to registered land is conclusively ascertainable by the certificate of registration that shows ownership and encumbrances, issued and recorded by the county recorder. See R.C. 5309.06. A transferee of registered land cannot be charged with notice, actual or constructive, of any unregistered claim or interest. See R.C. 5309.34. Furthermore, any unregistered claim or interest cannot prevail against a validly registered title. See id. As we noted in *Kincaid v. Yount* (1983), 9 Ohio App.3d 145, 147, 9 OBR 211, 213, 459 N.E.2d 235, 238, citing *Curry v. Lybarger* (1937), 133 Ohio St. 55, 58–59, 10 O.O. 61, 63–64, 11 N.E.2d 873, 875:

■ {¶ 8} "The purpose of the [registered-land] system is to create an absolute presumption that the register of titles speaks the last word about the title to land, eliminating all 'secret liens and hidden equities,' and making the language in the register of titles absolute proof of indefeasible title excepting only those encumbrances and claims noted therein."

■ {¶ 9} Cornwell contends that *Kincaid* is inapplicable to this case, noting that *Kincaid* involved a determination of the validity of an easement that arose by implication of law, and not, as here, an easement granted and recorded though not registered on a transferee's certificate of title. Cornwell, instead, relies on the statutory exception to the requirement found in R.C. 5309.28(A)(6). Specifically, that exception provides that easements appurtenant to a parcel of registered land "that for any reason have not been registered" shall remain appurtenant "notwithstanding the failure to register them and shall be held to pass with the land."

{¶ 10} Cornwell's reliance on this exception is misplaced. R.C. 5309.28(A) provides the following:

{¶ 11} "Every applicant in a land registration case who, without fraud on the applicant's part, receives a certificate of title in pursuance of a decree of registration and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith shall hold the registered land free from all estates, encumbrances, and rights except those noted on the certificate and *except any of the following estates, encumbrances, and rights that may exist:*

{¶ 12} "* * *

{¶ 13} "(6) If there are easements or other rights appurtenant to a parcel of registered land that are not subject to section 5309.281 of the Revised Code and that for any reason have not been registered, those easements or rights shall remain appurtenant notwithstanding the failure to register them and shall be held to pass with the land." (Emphasis added.)

**{¶ 14}** Judge Black's analysis of this statutory exception and the court's decision in *Kincaid* rested, "most importantly," on the language of the registered-land statutes and the legislature's intent in enacting them. *Kincaid v. Yount,* 9 Ohio App.3d at 148, 9 OBR at 214–215, 459 N.E.2d at 239. *Kincaid* concluded, and we now reaffirm, that the statutory exception (formerly R.C. 5309.28[F] ), "appl[ies] only to those 'estates, encumbrances, and rights' that are existing at the time of original registration of title." Id.

**{¶ 15}** The *Kincaid* court reasoned that the integrity of the land-registration system requires that all estates, encumbrances, and rights be noted on the register of titles before they can be enforced. The exception in R.C. 5309.28(A)(6) specifically applies to easements in existence at the time of the original registration of title. The undisputed evidence is that Cornwell's easement was not in existence at the time of the original registration of title, nor did it appear on the registration of titles when the property was transferred to the Jeraneks. Therefore, the trial court erred as a matter of law in entering summary judgment for Cornwell. See Civ.R. 56(C).

**{¶ 16}** On the state of this record, the Jeraneks are entitled to judgment on their claim to quiet title. But the Jeraneks did not file a motion for summary judgment. Accordingly, this court cannot enter final judgment in their favor. See *Marshall v. Aaron* (1984), 15 Ohio St.3d 48, 15 OBR 145, 472 N.E.2d 335; see, also, *Lawless v. Indus. Comm.* (Mar. 26, 1997), Hamilton App. No. C–960420, 1997 WL 133368. The record is also silent as to whether Cornwell's alleged driveway easement is her sole means of ingress to or egress from the property, thus implicating an easement by necessity. See, e.g., *Kenko Corp. v. Lunken* (Apr. 20, 1988), Hamilton App. No. C–870402, 1988 WL 38097.

**{¶ 17}** Therefore, the Jeraneks' assignment of error is sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with the law and with this opinion.

Judgment reversed
and cause remanded.

Doan and Winkler, JJ., concur.