TAYLOR BROTHERS, L.L.C., Appellant,

v.

BOYCE, Treasurer, et al., Appellees.

[Cite as *Taylor Bros., L.L.C. v. Boyce*, 190 Ohio App.3d 189, 2010-Ohio-5204.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–100032.

Decided Oct. 27, 2010.

190

Cors & Bassett, L.L.C., and Michael L. Gay, for appellant.

Richard Cordray, Attorney General, and Aaron D. Epstein and Pearl M. Chin, Assistant Attorneys General, for appellee Kevin Boyce.

Nieberding & Nieberding Co., L.P.A., and James L. Nieberding, for appellee R & S Properties, L.L.C.

HILDEBRANDT, Presiding Judge.

{¶ 1} Plaintiff-appellant, Taylor Brothers, L.L.C. ("Taylor"),[1] appeals the judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees, Kevin Boyce, Treasurer of State, and R & S Properties, L.L.C. ("R & S") in a dispute over real property. The judgment was entered following a trial before a magistrate.

### The Failure to Record the Easement

{¶ 2} This case is about a parcel of land purchased by Taylor from PAS, Inc. PAS owned a large parcel of land that had been registered under Ohio's version of the Torrens Act, R.C. Chapters 5309 and 5310. In 1971, PAS conveyed a portion of that land to Taylor. As part of the conveyance, Taylor was granted an easement across the parcel retained by PAS.

{¶ 3} Despite the undisputed grant of the easement to Taylor, the Hamilton County Recorder failed to record the easement on the registered-land certificate issued for the parcel that had been retained by PAS.

---

1. There were a number of entities related to Taylor Brothers, L.L.C. For the sake of brevity, we refer to these entities collectively as "Taylor."

{¶ 4} Throughout the years, Taylor continuously used the easement as an access road for its trucking and warehousing operations. Eventually, the servient estate was conveyed to the Astro Container Corporation ("Astro").

## The Conveyance to R & S

{¶ 5} When Astro filed for bankruptcy, R & S began investigating the purchase of the Astro property. Stephen P. Hayward, one of the principals of R & S, visited the site on two or three occasions. He testified at trial that he had witnessed Taylor's tractor-trailers using the easement, and he characterized Taylor's use of the roadway as "obvious."

{¶ 6} R & S decided to purchase the Astro property. To that end, the parties entered into negotiations involving the bankruptcy court about the terms of the sale, and an order approving the sale was issued at the end of 2003.

{¶ 7} After the order of sale but before the closing, Hayward's partner, Robert Alsfelder, discovered the omission of the easement from the Astro registered-land certificate. At the urging of R & S, the bankruptcy court entered an agreed order of sale stating that the conveyance was subject only to those encumbrances reflected in the Astro certificate. The title insurance policy issued in conjunction with the sale similarly listed an exception from coverage for the "[p]ermanent easement to David E. Taylor and John R. Taylor from PAS, Inc. recorded at book 3804, page 298 of the Registered Land Records of Hamilton County, Ohio, over the property for the benefit of an adjoining parcel. Note: This easement does not appear on Certificate of Title # 170412."

{¶ 8} After the closing of the sale, R & S informed Taylor that Taylor would have to pay for its use of the easement. Although it maintained its right to use the easement, Taylor began making monthly payments to use the roadway.

{¶ 9} Taylor filed suit against R & S, seeking to quiet title to the easement and claiming damages for rents paid to R & S for use of the easement. Taylor also sued the treasurer, seeking compensation from the state's assurance fund, under R.C. 5310.07, for the county recorder's failure to record the easement on the PAS certificate.

{¶ 10} The trial court entered judgment in favor of R & S on the basis that the Torrens Act protected R & S from the unrecorded easement. The court also entered judgment in favor of the treasurer, holding that the suit was barred by the six-year limitations period imposed by R.C. 5310.12.

## A Question of Good Faith

{¶ 11} In its first assignment of error, Taylor now argues that the trial court erred in holding that the Torrens Act prevented the enforcement of the easement.

■ {¶ 12} In general, the title to registered land is conclusively ascertainable by the certificate of registration that shows ownership and encumbrances and is issued and recorded by the county recorder.[2] A transferee of registered land cannot be charged with notice, either actual or constructive, of an unregistered encumbrance on the property.[3] Thus, in general, an unregistered claim or interest cannot prevail against a validly registered title.[4]

■ {¶ 13} Nonetheless, the Supreme Court of Ohio has recognized an exception to the rule that only registered encumbrances may be enforced. In *Shaker Corlett Land Co. v. Cleveland,*[5] the court held that a purchaser of registered land who acquires the land for value and in good faith takes the property free of any unregistered encumbrance.[6] But a purchaser who takes the land in the absence of good faith takes the land subject to an outstanding equity.[7]

■ {¶ 14} Although mere notice of an outstanding equity is not a factor in determining the absence of good faith, actual knowledge of a conflicting interest is a factor.[8] Thus, when a purchaser's knowledge of extraneous facts indicates the absence of good faith, the purchaser takes the land subject to the equity.[9]

{¶ 15} In this case, Taylor proved that R & S had knowledge of extraneous facts concerning the existence of the easement. The evidence indicated that R & S was aware of an essential extraneous fact, namely the notation of the easement on Taylor's certificate. Alsfelder informed counsel for R & S of the title defect after the bankruptcy court had issued the original order of sale. Armed with this knowledge, R & S took affirmative steps to forestall any claim on the part of Taylor to assert the existence of the easement. Under these circumstances, R & S cannot be said to have acted in good faith.

---

2. R.C. 5309.06; *Jeranek v. Cornwell* (2001), 147 Ohio App.3d 177, 180, 769 N.E.2d 409.

3. *Jeranek* at 180; R.C. 5309.34.

4. *Jeranek* at 180, citing *Kincaid v. Yount* (1983), 9 Ohio App.3d 145, 147, 9 OBR 211, 459 N.E.2d 235.

5. *Shaker Corlett Land Co. v. Cleveland* (1942), 139 Ohio St. 536, 23 O.O. 27, 41 N.E.2d 243.

6. Id. at paragraph three of the syllabus.

7. Id. at paragraph five of the syllabus.

8. *Jones v. Heritage Restaurant, Inc.* (June 6, 1979), 1st Dist. No. C–780261, 1979 WL 208709, citing *Shaker Corlett.*

9. Id.

## The Exception Under R.C. 5309.28

{¶ 16} But R & S argues that the easement was not enforceable, because it had not been in existence at the time of the original registration of the land. In support of this proposition, R & S cites R.C. 5309.28(A), which provides that "[e]very applicant in a land registration case who, without fraud on the applicant's part, receives a certificate of title in pursuance of a decree of registration and every subsequent purchaser of registered land who takes a certificate of title for value and *in good faith* shall hold the registered land free from all estates, encumbrances, and rights except those noted on the certificate and except any of the following estates, encumbrances, and rights that may exist * * * (6) If there are easements or other rights appurtenant to a parcel of registered land that are not subject to section 5309.281 [5309.28.1] of the Revised Code and that for any reason have not been registered, those easements or rights shall remain appurtenant notwithstanding the failure to register them and shall be held to pass with the land." (Emphasis added.)

{¶ 17} Although R.C. 5309.28(A)(6) does not explicitly place any limitation on the class of easement that runs with the property, this court has held that only those easements in existence at the time of the original registration pass to subsequent purchasers under the statute.[10] R & S contends that because the easement in this case was not created until the conveyance of 1971, it was not entitled to enforcement.

{¶ 18} This reliance on R.C. 5309.28 is misplaced because R & S emphasizes the exception set forth in the statute while ignoring the rule. R.C. 5309.28(A) explicitly assumes that the purchaser of the registered land has purchased the property in good faith. It provides protection for such purchasers by extinguishing all outstanding interests except for certain encumbrances existing at the time of the original registration. Under this statutory scheme, even a good-faith purchaser takes land subject to certain encumbrances. But a purchaser who has not taken land in good faith is not entitled to the protections of R.C. 5309.28 in the first instance. In this regard, the statute is consistent with the principles set forth in *Shaker Corlett.*

{¶ 19} And while R & S argues that the trial court's finding of good faith was supported by some competent, credible evidence under *C.E. Morris Co. v. Foley Constr. Co.,*[11] we find no such evidence reflected in the record. Therefore, we sustain the first assignment of error.

---

10. See *Jeranek* at 181, citing *Kincaid,* 9 Ohio App.3d at 148, 9 OBR 211, 459 N.E.2d 235.

11. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.

### The Claim Against the Treasurer

{¶ 20} In its second and final assignment of error, Taylor contends that the trial court erred in entering judgment in favor of the treasurer on the grounds that the six-year statute of limitations had expired.

{¶ 21} Under R.C. 5310.07, a party that sustains loss or damage as a result of "any error, omission, mistake, or misdescription in any certificate of title * * * may bring an action in the court of common pleas * * * against the treasurer of state for the recovery of compensation for that loss or damage, or for that land or interest in land, from the assurance fund." But if the injured party "has a right of action or another remedy for the recovery of the land or the interest in land, the person shall exhaust that remedy before resorting to the action of contract provided in this section."[12]

{¶ 22} Thus, under the statute, a property owner may recover damages from the state if there is no recourse against another party. In this case, Taylor has recourse against R & S both for title to the easement and for the rent paid to use the easement. Accordingly, the state is not liable for the nonfeasance of the Hamilton County Recorder, and we need not reach the issue whether the statute of limitations had expired. We overrule the second assignment of error.

### Conclusion

{¶ 23} We affirm the judgment of the trial court in part and reverse it in part. We hereby enter judgment in favor of Taylor, and we remand the cause for a determination of damages sustained as a result of the rent charged by R & S. The judgment entered in favor of the treasurer is affirmed.

Judgment accordingly.

SUNDERMANN and DINKELACKER, JJ., concur.

---

12. R.C. 5310.07.