[Cite as *Fish v. McDougald*, 2013-Ohio-2328.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| B. DAVID FISH, | : | APPEAL NO. C-120832 |
| | | TRIAL NO.    12CV-16873 |
| Plaintiff-Appellant, | : | |
| vs. | : | *O P I N I O N.* |
| WALLACE MCDOUGALD, | : | |
| and | : | |
| PAMELA MCDOUGALD, | : | |
| Defendants-Appellees. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 7, 2013

*B. David Fish*, pro se,

*John M. Williams*, for Defendants-Appellees.

Please note:  this case has been removed from the accelerated calendar.

Per Curiam.

{¶1}     Raising a single assignment of error, plaintiff-appellant B. David Fish challenges the trial court's entry of summary judgment in favor of defendants-appellees Wallace and Pamela McDougald on Fish's claim for breach of a lease agreement. Because the record does not reflect that the McDougalds ever moved for summary judgment, we must reverse.

{¶2}     The McDougalds intended to move for summary judgment on Fish's claim. They attempted to file electronically their motion and their own supporting affidavits. While the affidavits were received by the clerk of courts, the summary-judgment motion did not reach the clerk. It was not filed with the clerk or docketed.

{¶3}     The McDougalds had provided the trial court with a courtesy copy of the motion. On November 9, 2012, it placed of record an entry purporting to grant the McDougalds' unfiled summary-judgment motion. Fish appealed.

{¶4}     Since their motion was never filed with the clerk of the trial court, the record certified for our review does not reflect that the McDougalds ever moved for summary judgment, that Fish was ever served with the motion, or what the basis of the motion was. *See* App.R. 9(A); *see also* Civ.R. 5(A) and 7(B). Generally, Civ.R. 56 does not authorize trial courts to enter summary judgment in favor of a nonmoving party. *Marshall v. Aaron*, 15 Ohio St.3d 48, 472 N.E.2d 335 (1984), syllabus; *see also Jeranek v. Cornwell*, 147 Ohio App.3d 177, 181, 769 N.E.2d 409 (1st Dist.2001); *Lawless v. Indus. Comm. of Ohio*, 1st Dist. No. C-960420, 1997 Ohio App. LEXIS 1160 (Mar. 26, 1997).

{¶5}     On the state of the fragmentary record certified to this court, we will not apply the exception to this rule suggested in *Todd Dev. Co. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 16, permitting the entry of summary judgment for a nonmoving party where all the relevant evidence is before the trial court and the summary-judgment standard has been met. *See, e.g., Bank of America, N.A. v. Omega Design/Build Group, LLC.*, 1st Dist. No. C-100018, 2011-

Ohio-1650, ¶ 48.  Therefore, we hold that the trial court was without authority to enter summary judgment in the McDougalds' favor in November 2012.  The assignment of error is sustained on this basis alone.

{¶6}     The judgment of the trial court granting summary judgment in favor of the McDougalds is reversed.  The cause is remanded to the trial court for further proceedings consistent with law and this opinion.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J., DINKELACKER** and **DEWINE, JJ.**

Please note:

The court has recorded its own entry on the date of the release of this opinion.